A CERTIFIED TRUE COPY
ATTEST

By Teresa Bishop on Jun 09, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Filed: 06/09/09
U.S. District Court
East Dist. of MI Detroit**

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Jun 09, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: REFRIGERANT COMPRESSORS
ANTITRUST LITIGATION

MDL No. 2042

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in three actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of New Jersey, the Eastern District of Michigan, the Southern District of New York, or the District of Maryland. Plaintiffs in five actions and nineteen potential tag-along actions variously support centralization in one or more of these districts or the Southern District of Ohio. Responding defendants support centralization in the District of New Jersey.

This litigation currently consists of eight actions listed on Schedule A and pending in two districts, five actions in the Eastern District of Michigan and three actions in the District of New Jersey.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants conspired to fix, raise, maintain, and stabilize the price at which refrigerant compressors and products made with compressors were sold in the United States in violation of the Sherman

---

[*] Judge Heyburn and Judge Damrell did not participate in the disposition of this matter. In light of the fact that the other five members of the Panel could be members of the putative class(es) in this litigation, the Panel invokes the Rule of Necessity and these five Panel members have participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-57 (J.P.M.L. 2001).

[1] The Panel has been notified that 41 additional related actions have been filed as follows: fourteen actions in the Eastern District of Michigan; nine actions in the District of Maryland; eight actions in the District of New Jersey; four actions in the Southern District of Ohio; two actions in the Northern District of California; and one action each in the District of District of Columbia, the Northern District of Illinois, the Southern District of New York, and the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).



I hereby certify that the foregoing is a true copy of the original on file in this office.

**Clerk, U.S. District Court
Eastern District of Michigan**

By *Sarah Schoenherr*
Deputy Clerk

-2-

Antitrust Act.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Eastern District of Michigan is an appropriate transferee forum for this litigation.  Nineteen actions are now pending in the Eastern District of Michigan, considerably more than in any other district.  In addition, Judge Sean F. Cox in the Eastern District of Michigan has a caseload that is relatively favorable to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Sean F. Cox for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
J. Frederick Motz
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr.[*] |

**IN RE: REFRIGERANT COMPRESSORS**
**ANTITRUST LITIGATION**                                MDL No. 2042

### SCHEDULE A

Eastern District of Michigan

Gateway KGMP Development, Inc. v. Tecumseh Products Co., et al., C.A. No. 2:09-10710
Kelly Higashi, et al. v. Tecumseh Products Co., et al., C.A. No. 2:09-10720
Don Walter Kitchen Distributors, Inc. v. Tecumseh Products Co., et al., C.A. No. 2:09-10737
Acme of Jamestown, Inc., et al. v. Tecumseh Products Co., et al., C.A. No. 2:09-10745
WPC 1, Inc., etc. v. Tecumseh Products Co., et al., C.A. No. 2:09-10791

District of New Jersey

LeBlanc & Associates, Inc. v. Tecumseh Products Co., et al., C.A. No. 2:09-892    09-12241
Rona Distributors, Inc. v. Whirlpool Corp., et al., C.A. No. 2:09-906    09-12242
St. Boni Farm Store Corp. v. Tecumseh Products Co., et al., C.A. No. 2:09-947    09-12243