UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors　　　　　　　Case No. 2:09-md-02042
Antitrust Litigation

　　　　　　　　　　　　　　　　　　　　　Honorable Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　United States District Court

_____/

# ORDER REGARDING FIRST
# PROPOSED CASE MANAGEMENT ORDER

　　　　On March 8, 2010, the Court held a status conference in this matter, at which time the parties indicated that they have reached agreement as to many portions of the first proposed case management order for this case but have some areas of disagreement. The parties agreed that the "Direct and Indirect Purchaser Plaintiffs shall separately file Master Amended Complaint including each defendant no later than May 7, 2010." (Joint Proposed Case Management Order at 8). Two issues that the parties disagree upon are: 1) whether discovery in this action should be bifurcated (with class certification discovery to precede merits discovery); and 2) when class certification discovery should begin. Following the status conference, the Court issued an Order directing the parties to brief those two issues. (Docket Entry No. 127).

　　　　As to when class certification discovery should commence, the Court concludes that no discovery should commence until after the Court rules on Defendants' motions seeking to dismiss Plaintiffs' master amended complaints. As Defendants note, in *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 908-09 (6th Cir. 2009), the Sixth Circuit stated that "[p]ursuant to *Twombly*, district courts must assess the plausibility of an alleged illegal agreement *before* parties are forced to engage in protracted litigation and bear excessive discovery costs." *Id*. at 909 (emphasis in original). Defendants should not have to engage in

what will undoubtedly be extensive class discovery prior to this Court determining that Plaintiffs have a viable claim.

As to the issue of bifurcation, the cases cited by the parties reflect that the decision whether to bifurcate discovery is a very individualized determination. This Court concludes that it would be unwise to make a determination as to bifurcation at this early stage of the litigation – before Plaintiffs have even filed their master amended complaints. Rather, this Court shall reserve ruling on that issue until after the consolidated complaints have been filed and this Court has ruled on Defendants' motions to dismiss. At that stage of the litigation, this Court will be far more familiar with Plaintiffs' claims, and the issues that will be most relevant at the certification stage, and will be in a much better position to make an informed decision.

Accordingly, the Court hereby ORDERS the parties to meet and confer in order to prepare and submit a proposed case management order that reflects the above rulings.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 19, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager