UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors                     Case No. 2:09-md-02042
Antitrust Litigation

Honorable Sean F. Cox

_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER CLASS
PLAINTIFFS AND THE TECUMSEH DEFENDANTS
(DOCKET ENTRY NO. 157)**

Beginning in February 2009, Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs filed complaints in various jurisdictions asserting claims against Defendants. The United States Judicial Panel on Multidistrict Litigation consolidated those actions in this Court for pretrial proceedings.

The Indirect Purchaser Plaintiffs' complaints have since been combined in a Second Consolidated Amended Complaint, which seeks certification of a nationwide class, and asserts state-law antitrust claims, consumer protection / unfair competition claims, and unjust enrichment claims.

The Direct Purchaser Plaintiffs' ("DP Plaintiffs") complaints have been combined in a Master Amended Complaint ("MAC") which seeks class action certification and asserts federal antitrust claims. DP Plaintiffs filed their Master Amend Complaint ("MAC") on June 30, 2010. (Docket Entry No. 155).

Approximately a month after DP Plaintiffs filed their MAC, on August 5, 2010, they filed

1

a Motion for Preliminary Approval Of Proposed Class Action Settlement Between Direct

Purchaser Class Plaintiffs and Defendants Tecumseh Products Company, Tecumseh Compressor

Company, Tecumseh do Brasil, Ltda. and Tecumseh do Brasil USA, LLC ("the Tecumseh

Defendants") was filed.  (Docket Entry No. 157).   In this motion, the DP Plaintiffs seek

settlement-only class certification and ask the Court for preliminary approval of a settlement

class consisting of all persons or entities "who purchased Refrigerant Compressor Products" in

the United States "directly from any Defendant named in the Action, or from any of their

parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period from

and including January 1, 2004 up to and including December 31, 2008.  Refrigerant Compressor

Products shall mean compressors of less than one horsepower used for refrigeration, freezing or

cooling purposes, and/or refrigeration products, including condensers, manufactured by a

Defendant containing compressors of less than one horsepower also manufactured by a

Defendant.  Refrigerant Compressor Products specifically excludes compressors used in air

conditioning products."  (*See* Docket Entry No. 157-4 at 3).

On August 30, 2010, all Defendants, with the exception of the Tecumseh Defendants,

filed a Joint Motion to Dismiss Claims by Direct Purchaser Plaintiffs.  This Court issued its

Opinion & Order on that motion on June 13, 2011.  (Docket Entry No. 245).  Notably, this Court

ruled that the only persons or entities who have standing to assert federal antitrust claims in this

action are those persons or entities who directly purchased compressors from a Defendant and

that any named DP Plaintiff who did not purchase compressors from a Defendant lacks standing

and must be dismissed from this action.  (*Id*. at 16).  The Opinion & Order further explained that,

although the parties agree in principle that any named DP Plaintiff who directly purchased

compressors from a Defendant would have standing, the MAC does not identify which, if any, named DP Plaintiffs purchased compressors from a Defendant:

> It is undisputed that if any named DP Plaintiff purchased compressors directly from a Defendant who manufactures compressors, that person or entity would have standing to assert a federal antitrust claim in this action. The problem is, the way the MAC is drafted, it is impossible to determine which, *if any*, of the named DP Plaintiffs allege that they purchased compressors directly from a Defendant. This is because the MAC does not identify any named DP Plaintiff who purchased compressors – as opposed to products containing compressors – directly from a Defendant. Rather, the MAC defines the term "Refrigerant Compressor Products" as including both: 1) compressors of less than one horsepower; and 2) products that contain such compressors. Thus, when the MAC alleges that each of the named DP Plaintiffs has "purchased Refrigerant Compressor Products directly from one or more defendants," the MAC does not specify whether that entity is alleged to have purchased compressors, products containing compressors, or both. Accordingly, based on the allegations in the MAC, this Court cannot determine whether any of the named DP Plaintiffs has standing by virtue of having directly purchased compressors from a Defendant.

> Although DP Plaintiffs have not filed a motion seeking leave to file an amended complaint, at the May 26, 2011 hearing they requested leave to file an amended complaint. Given that it is undisputed that any named DP Plaintiff who purchased compressors directly from a Defendant who manufactures compressors would have standing to assert a federal antitrust claim in this action, the Court shall grant DP Plaintiffs' request to file an amended complaint in order to specify which, if any, of the DP Plaintiffs have federal antitrust standing by virtue of having directly purchased compressors from a Defendant.

(*Id.* at 17-18). DP Plaintiffs must file their amended complaint no later than July 13, 2011.

Given this Court's rulings regarding standing, this Court must deny DP Plaintiffs' request for settlement-only class certification.

FED. R. CIV. P. 23(a) sets forth four prerequisites for class certification: 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy of representation. The requirements of FED. R. CIV. P. 23(a) "must be satisfied before a court certifies a class for trial or for settlement-only purposes." *Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 266 (E.D. Ky. 2009)

(citing *Amchem Prods., Inc. v Windsor*, 521 U.S. 591, 620 (1997)).

As the settlement class is currently defined, those prerequisites are not met because the proposed settlement class includes persons or entities who do not have standing to assert a federal antitrust claim in this action.[1]

Accordingly, IT IS ORDERED that DP Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement Between DP Plaintiffs and the Tecumseh Defendants (Docket Entry No. 157) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

[1]For example, the proposed settlement class definition creates an insurmountable problem as to typicality.  *Romberio v. Unumprovident Corp*., 385 Fed.Appx. 423, 431 (6th Cir. 2009). "'The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Id*. (Citing *Sprague v. General Motors Corp*., 133 F.3d 388, 399 (1998)).   "Where a class definition encompasses many individuals who have no claim at all to the relief requested," the "typicality premise is lacking, for – under those circumstances – it cannot be said that a class member who proves his own claim would necessarily prove the claim of other class members."  *Romberio*, 385 Fed.Appx. at 423.