UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors              Case No. 2:09-md-02042
Antitrust Litigation

                                                       Honorable Sean F. Cox
                                                       United States District Court

_____/

**ORDER DENYING
DIRECT PURCHASER PLAINTIFFS' MOTION FOR RECONSIDERATION
(DOCKET ENTRY NOS. 247 & 255)**

On June 13, 2011, this Court issued its Opinion & Order on Defendants' Joint Motion to Dismiss Claims by Direct Purchaser Plaintiffs ("DP Plaintiffs"). (Docket Entry No. 245, June 13, 2011 Opinion & Order). Among the various rulings in that Opinion & Order, this Court ruled that: 1) "the only persons or entities that have standing to assert federal antitrust claims in this action are those persons or entities who directly purchased compressors from a Defendant. Thus, any named DP Plaintiff who did not purchase compressors from a Defendant lacks standing and must be dismissed from this action;" and 2) "DP Plaintiffs have not pleaded fraudulent concealment with particularity and therefore any claims accruing before February 25, 2005 are time-barred." (*Id.* at 30).

On June 27, 2011, DP Plaintiffs filed a Motion for Reconsideration relating to the June 13, 2011 Opinion & Order. (Docket Entry No. 247). DP Plaintiffs filed a slightly different version of that same motion on June 30, 2011. (Docket Entry No. 255). All Defendants, with the exception of the Tecumseh Defendants, filed a Joint Response Brief opposing the Motion on July 14, 2011. (Docket Entry No. 260).

The Court finds that oral argument on the pending motion would not aid the decisional

process. *See* Local Rule 7.1(e)(2) and (h)(2)**,** U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, the Court shall DENY DP Plaintiffs' Motion for Reconsideration.

Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3). Here, DP Plaintiffs have not demonstrated a palpable defect by which the Court and the parties have been misled as to either of the issues raised in their motion.

With respect to the standing issue, DP Plaintiffs continue to advance the same or similar arguments that were made by them in opposing Defendants' Joint Motion to Dismiss. A motion for reconsideration, however, "is not properly used as a vehicle to re-hash old arguments." *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) (Courts should not reconsider prior decision where the motion for reconsideration renews arguments already considered.); L.R. 7.1(h)(3) (the court will not grant motions for reconsideration "that merely present the same issues ruled upon by the court.").

DP Plaintiffs also ask this Court to reconsider its ruling regarding fraudulent concealment. This Court's Opinion & Order ruled that "DP Plaintiffs have not pleaded

fraudulent concealment with particularity and therefore any claims accruing before February 25, 2005 are time-barred." (June 13, 2011 Opinion & Order at 30). The Opinion & Order further explained:

> The Court notes that DP Plaintiffs made a blanket request in the closing paragraph of their Response Brief, asking the Court to allow them to file an amended MAC "[s]hould the Court be inclined to grant any part of Defendants' motion." They did not, however, file a motion to amend or submit a proposed amended complaint – even after Defendants filed their Reply Brief noting their failure to do so. Moreover, DP Plaintiffs have not adequately explained, in either their Response Brief or at the May 26, 2011 hearing, how they could file an amended MAC that would plead fraudulent concealment with the requisite particularity. The Court therefore denies DP Plaintiffs' request.

(*Id*. at 29).

Now, in their Motion for Reconsideration, DP Plaintiffs ask the Court to "reconsider its ruling that DP Plaintiffs may not amend their Complaint to re-plead fraudulent concealment." (Motion for Reconsideration at 2). In doing so, DP Plaintiffs have still not submitted a proposed MAC that they believe would plead fraudulent concealment with the requisite particularity. Rather, DP Plaintiffs identify a few additional allegations they believe support their claim of fraudulent concealment – most of which go to their assertion that Defendants held secret or clandestine meetings. This Court continues to believe that "allegations regarding Defendants' secret or clandestine meetings, or their alleged failure to divulge the conspiracy, are insufficient." (June 13, 2011 Opinion & Order at 25). Moreover, DP Plaintiffs have not identified any allegations they could add to their complaint that would establish due diligence. (June 13, 2011 Opinion & Order at 29)("The Court finds that DP Plaintiffs have not sufficiently pleaded due diligence under existing Sixth Circuit authority."). Thus, the Court concludes that the requested amendment would be futile.

Accordingly, the Court ORDERS that DP Plaintiffs' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: August 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez<br>
Case Manager