UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors            Case No. 2:09-md-02042
Antitrust Litigation
                                          Honorable Sean F. Cox
                                          United States District Court

_____/

## MEMORANDUM OPINION
## REGARDING THE COURT'S JUNE 7, 2012 ORDER
## GRANTING IN PART AND DENYING IN PART DIRECT PURCHASER
## PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED
## MASTER AMENDED COMPLAINT

Following this Court's Opinion & Order on the Defendants' Joint Motion to Dismiss as to the Direct Purchaser ("DP") Plaintiffs' Master Amended Complaint, DP Plaintiffs filed two motions for reconsideration, which this Court denied. The matter is now before the Court on DP Plaintiff's Motion for Leave to File A Second Amended Master Amended Complaint. (Docket Entry No. 271). The parties fully briefed the issues and oral argument was heard on June 7, 2012. On that same date, this Court issued an Order (Docket Entry No. 295) that granted the motion in part and denied it in part. This memorandum opinion sets forth the Court's reasons for doing so.

## BACKGROUND

The background of this action and the claims asserted by the DP Plaintiffs are fully set forth in this Court's June 13, 2011 Opinion & Order. (Docket Entry No. 246). The Court includes here relevant details as to the Opinion & Order itself, and events since that Opinion & Order was issued.

Defendants filed a "Joint Motion to Dismiss Claims by Direct Purchaser Plaintiffs"

1

(Docket Entry No. 164).  Following full briefing by the parties and oral argument, the Court granted that motion in part, denied it in part, and deferred ruling on one issue until after an amended complaint was filed.  More specifically, the Court:  1) ruled that the only persons or entities that have standing to assert federal antitrust claims in this action are those persons or entities who directly purchased compressors from a Defendant; 2) denied Defendants' request to dismiss claims prior to June 2004, or after December 2006, under *Twombly;* 3) deferred decision on Defendants' challenge based on the Foreign Trade Antitrust Improvements Act because the Court cannot meaningfully address that argument until after an amended complaint is filed; and 4) ruled that Direct Purchaser Plaintiffs have not pleaded fraudulent concealment with the requisite particularity and, therefore, they cannot recover any damages incurred prior to February 25, 2005.

As to the standing issue, this Court's June 13, 2011 Opinion & Order states, in pertinent part:

> Here, DP Plaintiffs seek to avoid the direct purchaser rule and the Supreme Court's rejection of an offensive pass-on theory, set forth in the above cases, by relying on several cases from outside the Sixth Circuit.  The two cases DP Plaintiffs rely on most heavily are *In re Sugar Industry Antitrust Litig*., 579 F.2d 13 (3d Cir. 1978) and *In re Linerboard Antitrust Litig*., 305 F.3d 145 (3d Cir. 2002).  Notably, however, the Sixth Circuit has not endorsed the approach taken in those cases.
> Moreover, as explained below, even if the exception set forth in those cases were adopted by the Sixth Circuit, it would not aid the DP Plaintiffs here.
>
> . . . .
>
> At best, these decisions reflect that the Third Circuit has concluded that the direct purchaser rule does not apply in situations where a plaintiff purchases a product containing a price-fixed component directly from an alleged violator who makes both the component and the product containing the component.  Again, such a rule, even if it were adopted by the Sixth Circuit, would not apply here.
> Accordingly, the Court concludes that the only persons or entities who

have standing to assert federal antitrust claims in this action are those persons or entities who directly purchased compressors from a Defendant.  Thus, any named DP Plaintiff who did not purchase compressors from a Defendant lacks standing and must be dismissed from this action.

(6/13/11 Opinion & Order at 12).  Because of the way the MAC was drafted, however, it was impossible to tell which, if any, of the named DP Plaintiffs purchased compressors directly from a Defendant.  Accordingly, the Court granted "DP Plaintiffs' request to file an amended complaint in order to specify which, if any, of the DP Plaintiffs have federal antitrust standing by virtue of having directly purchased compressors from a Defendant."  (*Id.* at 18).  In doing so, the Court instructed that the amended complaint was to "specifically identify:  1) each named DP Plaintiff who directly purchased compressors from a Defendant; 2) the Defendant(s) from whom that named DP Plaintiff directly purchased compressors; and 3) where and when such purchases are alleged to have taken place."  (*Id.* at 18).

As to the alleged fraudulent concealment, the Court ruled that "because DP Plaintiffs have not pleaded fraudulent concealment with particularity, any claims accruing before February 25, 2005 are time-barred."  (*Id.* at 29).  The Court also denied DP Plaintiffs' request to file an amended complaint that would plead fraudulent concealment with more particularity.  (*Id.* n.9).

Following this Court's June 13, 2011 Opinion & Order, DP Plaintiffs filed a Motion for Reconsideration (Docket Entry No. 247) on June 27, 2011, and an Amended Motion for Reconsideration (Docket Entry No. 255) on June 30, 2011.  In those motions, DP Plaintiffs asked "this Court to reconsider its holding that the only persons or entities with standing to assert federal antitrust claims in this action are those persons or entities who directly purchases compressors from a Defendant.  Specifically, DP Plaintiffs respectfully ask this Court to reconsider whether director purchasers of condensers (which integrate compressors as a key

component) have standing to assert claims in this action . . ."  (Docket Entry No. 255 at 2).

This Court denied those motions in an order issued on August 2, 2011.  In doing so, the

Court explained:

> With respect to the standing issue, DP Plaintiffs continue to advance the same or similar arguments that were made by them in opposing Defendants' Joint Motion to Dismiss.  A  motion for reconsideration, however, "is not properly used as a vehicle to re-hash old arguments."  *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) (Courts should not reconsider prior decision where the motion for reconsideration renews arguments already considered.); L.R. 7.1(h)(3) (the court will not grant motions for reconsideration "that merely present the same issues ruled upon by the court.").

(8/2/11 Order at 2).

On August 23, 2011, DP Plaintiffs filed their "First Amended Master Amended

Complaint" ("FAMAC").  (Docket Entry No. 267).  That FAMAC included amended allegations

to clarify which of the DP Plaintiffs have federal anti-trust standing by virtue of having directly

purchased compressors from a Defendant, and modified the class period to begin no earlier than

February 25, 2005, in accordance with this Court's June 13, 2011 Opinion & Order.

Shortly after having filed its FAMAC, on September 7, 2011, DP Plaintiffs filed the

instant Motion For Leave To File Second Amended Master Amended Complaint. (Docket Entry

No. 271).  In this motion, DP Plaintiffs seek leave to file a Second Amended Master Amended

Complaint in order "to include three additional categories of allegations not explicitly authorized

by the Court's MTD Opinion & Order: 1) allegations relating to Embraco North America, Inc.'s

and Panasonic Corporation's criminal plea agreements; 2) allegations that provide a more

complete picture of the price-fixing conspiracy alleged in the FAMAC (these allegations were

formerly included in the MAC in paragraphs regarding fraudulent concealment and were not

4

included in the FAMAC consistent with this Court's MTD Opinion & Order), and 3) allegations regarding Condensing Units."  (DP Pls.' Motion at ¶ 10).

## ANALYSIS

At this stage of the litigation, DP Plaintiffs may not file an amended complaint without leave of the Court. Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*

**1.     Allegations Regarding Plea Agreements**

DP Plaintiffs contend that they wish to amend their operative complaint in order to include allegations regarding Embraco North America, Inc. and Panasonic Corporation's guilty pleas in criminal cases.  Those pleas were entered in November and December of 2010.  DP Plaintiffs assert that because such guilty pleas can be used as prima facie evidence of Defendants' price-fixing conspiracy in this action, they would like to include these allegations in their operative complaint.

In response, Defendants assert that filing an amended complaint to include these allegations is unnecessary, because that evidence "may be introduced as evidence in accordance with 15 U.S.C. § 16(a)."  (Defs.' Response Br. at 1 n.1).  "Nevertheless, Defendants do not specifically oppose such amendments if the Court deems them appropriate."  (*Id.*).

The Court concludes that DP Plaintiff should be granted leave to file an amended complaint that contains these allegations.

**2.     Allegations Regarding Conspiracy**

In their motion, DP Plaintiffs assert that "in accordance with the Court's ruling on

fraudulent concealment, DP Plaintiffs removed all allegations relating to fraudulent concealment from the FAMAC, modified the class period to begin no earlier than February 25, 2005, and modified the Class definition. *See* MTD Opinion & Order at 29 n.9, 30." (DP Pls.' Br. at 1).

As an initial matter, this Court did not order DP Plaintiffs to remove all allegations relating to fraudulent concealment. This Court merely ruled that "because DP Plaintiffs have not pleaded fraudulent concealment with particularity, any claims accruing before February 25, 2005 are time-barred." (6/13/11 Opinion & Order at 29 & 30).

That said, DP Plaintiffs did remove the allegations relating to fraudulent concealment, under the belief that this Court's Order required them to do so. DP Plaintiffs would like to add these factual allegations back into their complaint because, even though the Court ruled against them on the fraudulent concealment issue, they would like these factual allegations in the complaint to provide detail as to the alleged conspiracy. They identify the factual allegations they wish to add on page seven of their brief. DP Plaintiffs assert that they "are requesting leave to amend to include the aforementioned facts and information for the sole purpose of more completely describing Defendants' price-fixing conspiracy that is the basis for DP Plaintiffs' claims, and are not seeking to re-plead fraudulent concealment." (DP Pls' Br. at 7).

While it is not necessary to add these allegations back in to the DP Plaintiffs' operative complaint in order to state a price-fixing conspiracy claim, the Court sees no harm in allowing them to do so, especially given that they will already be amending the complaint to include the allegations regarding the guilty pleas by two Defendants. DP Plaintiffs made a timely request to file an amended complaint and the Court fails to see how adding these factual allegations back into the complaint prejudices Defendants.

6

3.     **Allegations Regarding Condensing Units**

Defendants' real opposition to this motion concerns DP Plaintiffs' final request, wherein

they wish to amend the complaint in order to add allegations regarding Condensing Units.

As the Court explained in its June 13, 2011 Opinion & Order, the DP Plaintiffs were

seeking to avoid the direct purchaser rule and the Supreme Court's rejection of an offensive

pass-on theory by relying on several cases from outside of the Sixth Circuit.  The two cases DP

Plaintiffs relied on most heavily are *In re Sugar Industry Antitrust Litig.*, 579 F.2d 13 (3d Cir.

1978) and *In re Linerboard Antitrust Litig.*, 305 F.3d 145 (3d Cir. 2002).  This Court found DP

Plaintiffs' reliance on those cases misplaced for two reasons.  First, the Court noted that "the

Sixth Circuit has not endorsed the approach taken" in either of those cases.  (6/13/11 Opinion &

Order at 12).  Second, the Court concluded that "even if the exception set forth in those cases

were adopted by the Sixth Circuit, it would not aid the DP Plaintiffs here."  (*Id.*).  The Court

explained that, at best, the decisions DP Plaintiffs rely on "reflect that the Third Circuit has

concluded that the direct purchaser rule does not apply in situations where a plaintiff purchases a

product containing a price-fixed component directly from an alleged violator who makes both

the component and the product containing the component.  Again, such a rule, even if it were

adopted by the Sixth Circuit, would not apply here."  (*Id.* at 16).

In seeking leave to amend, DP Plaintiffs once again argue that DP Plaintiffs who are

"direct purchasers of Condensing Units from Defendants have standing to assert antitrust claims

regarding such products."  (DP Pls.' Br. at 13).  They assert that in the proposed SAMAC, "DP

Plaintiffs would allege that they purchased Condensing Units containing price-fixed

Compressors directly from a Defendant; and the Condensing Unit was either (1) manufactured

by a Defendant or one of their affiliated entities, principals, agents, or co-conspirators, or (2) was manufactured, sold or transferred to the Defendant by a co-conspirator." (*Id*.). The Court denied this request in its June 7, 2012 Order.

First and foremost, the Sixth Circuit has not endorsed the exception created by the Third Circuit.

Second, while DP Plaintiffs assert that some DP Plaintiffs could have standing under the Third Circuit's exception for a plaintiff who purchases a product containing a price-fixed component directly from an alleged violator who makes both the component and the product containing the component, their proposed SAMAC would go well beyond that exception in that it would include allegations as to DP Plaintiffs who brought a Condensing Unit from one Defendant that contained a compressor made by another defendant.

Defendants ask the Court to sanction DP Plaintiff's counsel, pursuant to 28 U.S.C. § 1927 for needlessly increasing the cost of this litigation. Defendants contend that the Court has already rejected DP Plaintiffs' standing argument twice (once in connection with the Joint Motion to Dismiss and once in denying DP Plaintiffs' motions for reconsideration) and that DP Plaintiffs' counsel had no reasonable basis for asking the Court to consider the issue a third time.

While the Court agrees that there was no reasonable basis for this request given the Court's prior rulings, the Court declines to sanction counsel. Nevertheless, the Court cautions counsel that it will not hesitate to impose sanctions under § 1927 in the future if warranted.

DP Plaintiffs shall file their Second Amended Master Amended Complaint, with the amendments allowed by the Court in this Memorandum Opinion, **no later than Wednesday, June 20, 2012**. Barring a very exceptional circumstance, the Court will not allow further

amendments.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager