UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors                    Case No. 2:09-md-02042
Antitrust Litigation
                                                  Honorable Sean F. Cox
                                                  United States District Court

_____/

**OPINION & ORDER DENYING WITHOUT PREJUDICE
REQUEST BY DEFENDANT DANFOSS FLENSBURG GMBH FOR RULING THAT
CLAIMS ASSERTED AGAINST IT IN THE IP PLAINTIFFS' TCAC DO NOT RELATE
BACK TO ANY PRIOR COMPLAINTS**

This Multi District Litigation matter involves putative class action claims asserted against multiple corporate Defendants by: 1) Direct Purchaser ("DP") Plaintiffs (who assert federal antitrust claims); and 2) Indirect Purchaser ("IP") Plaintiffs (who assert state-law antitrust, consumer protection act, and unjust enrichment claims). This Court has previously ruled with respect to Motions to Dismiss as to the DP Plaintiffs' claims. In another Opinion & Order issued this date, this Court addressed the remaining challenges in the Defendants' Motions to Dismiss that challenge the IP Plaintiffs' claims.

There is one additional challenge, however, that a newly-added Defendant, Danfoss Flensburg GmbH, raised in a supplemental brief filed on July 20, 2012. This new Danfoss Defendant, that was added in the IP Plaintiffs' most recent complaint, asks the Court to rule that the claims asserted against it do not relate back to any prior complaints. For the reasons below, the Court shall deny this request without prejudice.

**BACKGROUND**

1

This case has a fairly lengthy history, that is more fully set forth in another Opinion & Order issued on April 9, 2013. (Docket Entry No. 343). The Court includes here just those background facts that are necessary in order to address the challenge asserted by the newly-added Danfoss Defendant.

Beginning in February 2009, the DP Plaintiffs and IP Plaintiffs filed complaints in various jurisdictions asserting claims against Defendants. Those actions were consolidated for pretrial proceedings by the United States Judicial Panel on Multi district Litigation.

**Case Management Order No. 1**

The Court issued Case Management Order No. 1 (the "CMO") on May 26, 2010. (D.E. No. 152). The CMO provides that the DP & IP Plaintiffs shall separately file Master Amended Complaints including each Defendant no later than June 30, 2012. (*Id.* at 8). It also provides that Defendants may thereafter file motions to dismiss the master amended complaints. (*Id.* at 9-10).

**The IP Plaintiffs' First Two Consolidated Amended Complaints**

The IP Plaintiffs filed their Consolidated Amended Complaint on June 30, 2010. (D.E. No. 154). It asserted claims against multiple Defendants, including six different corporate "Danfoss Entities": 1) Danfoss's A/S; 2) Danfoss, Inc.; 3) Danfoss Commercial Compressors, Ltd.; 4) Danfoss Compressor, LLC; 5) Danfoss Scroll Technologies, LLC; and 6) Danfoss Turbocor Compressors, Inc. (*Id.* at ¶¶ 44-49). It did not name Danfoss Flensburg GMBH, formerly Danfoss Compressors GmbH, (hereinafter "Danfoss Flensburg") as a Defendant.

On September 21, 2010 (D.E. No. 174), the IP Plaintiffs filed their Second Consolidated

Amended Complaint ("SCAC").  (D.E. No. 174).  In it, they seek certification of a nationwide

class, and assert state-law antitrust claims, consumer protection / unfair competition claims, and

unjust enrichment claims against multiple Defendants.  The SCAC also did not name Danfoss

Flensburg as a Defendant.

**Motions to Dismiss The IP Plaintiffs' Claims**

As permitted by the CMO, beginning on August 30, 2010, Defendants filed a Joint

Motion to Dismiss the IP Plaintiffs' claims (D.E. No. 162), asserting numerous challenges.  In

addition, two separate motions challenging the IP Plaintiffs' complaints were also filed by: 1) the

Tecumseh Defendants (D.E. No. 166); and 2) Appliances Components Companies S.p.A.

(Docket Entry No. 218).[1]

**This Court's Ruling On Defendants' *Twombly* Challenge And The IP Plaintiffs' Request To File Another Consolidated Amended Complaint**

On June 7, 2012, this Court heard oral argument on the "*Twombly* challenge" set forth in

Defendants' Joint "Motion to Dismiss the Indirect Purchaser Plaintiffs' Consolidated Amended

Complaint" (D.E. No. 162).

During that hearing, counsel for the IP Plaintiffs orally requested to file another amended

complaint, in order to include additional factual allegations as to the conspiracy.

After the hearing, the Court ruled that "the Indirect Purchaser Plaintiffs' current operative

complaint, the 'Second Consolidated Amended Complaint', fails to state a claim under *Twombly*,

except as to the claims asserted against Defendants Panasonic Corporation and Embraco North

America, Inc., for the approximately three-year period set forth in the respective plea

---

[1]Whirlpool Corporation also filed its own motion challenging both the DP and IP Plaintiffs' claims against it, but it has been dismissed from this action.

3

agreements." (D.E. No. 294). On June 11, 2012, this Court also issued a Memorandum

Opinion, setting forth the basis for that ruling. (D.E. No. 300).

On June 21, 2012, the IP Plaintiffs filed a "Motion to Amend or Clarify the Court's June

7, 2012 Order and for Leave to File a Third Consolidated Amended Complaint" (D.E. No. 307).

In that motion, the IP Plaintiffs asked the Court to clarify that the Court's June 7, 2009 Order did

not foreclose the IP Plaintiffs from seeking leave to file another amended complaint.

The parties were scheduled to appear before this Court on June 29, 2012, at 2:30 p.m.,

for the continuation of the hearing on the motions challenging the IP Plaintiffs' claims. (*See*

6/20/12 Docket Entry).

On the morning of June 29, 2012, the IP Plaintiffs filed two separate submissions titled

"Indirect Purchaser Plaintiffs; Supplemental Motion to Amend or Clarify the Court's June 7,

2012 Order and for Leave to File a Third Consolidated Amended Complaint" (D.E. Nos. 311 &

312). Those submissions attached proposed Third Consolidated Amended Complaints which,

among other things, added another Danfoss Defendant that had not been named as a Defendant

in earlier complaints – Danfoss Flensburg.

On the afternoon of June 29, 2012, the Court did not continue the motion hearing.

Rather, the Court held a Status Conference with the parties to discuss the IP Plaintiffs' recent

filings and the most efficient manner with proceeding. During the Status Conference, the parties

were able to resolve certain issues. Specifically, "[a]s stated on the record on June 29, 2012,

Defendants and the IP Plaintiffs agreed" as follows:

1.      Defendants do not oppose the IP Plaintiffs' requests to file an amended
        complaint, as requested in Docket Entry Nos. 307, 311 and 312.

2.      Defendants reserve all issues raised in their pending Motions to Dismiss.

3.      The IP Plaintiffs will enter into a stipulation and order with Defendant
        Whirlpool Corporation (similar to Docket Entry No. 310) that dismisses
        their claims against Whirlpool Corporation with prejudice.

4.      On or before July 6, 2012, the IP Plaintiffs shall file their Revised Third
        Consolidated Amended Complaint.  The amended pleading shall be the
        same pleading attached to the IP Plaintiffs' Motion to Amend or Clarify
        the Court's June 7, 2012 Order and for Leave to File a Third Consolidated
        Amended Complaint (Docket Entry No. 307-2), with *only* the following
        additions or changes:

        a.      The two named IP Plaintiffs in the "Tag-Along" *Gaffett* and *Strong
                Electric* actions (i.e., Nat Gaffet and Strong Electric) shall be
                included as named IP Plaintiffs in the Revised Third Consolidated
                Amended Complaint.[2]

        b.      The two additional named IP Plaintiffs identified in Docket Entry
                Nos. 311 & 312 (i.e., Peter Jacobus and Steve Larson) may be
                included as named IP Plaintiffs in the Revised Third Consolidated
                Amended Complaint.

        c.      The IP Plaintiff may correct any "scrivener's errors" regarding the
                allegations specific to the existing named IP Plaintiffs in Docket
                Entry No. 307-2.

        d.      The IP Plaintiffs may delete Whirlpool Corporation as a
                Defendant.

5.      Barring a very exceptional circumstance, no further amendments shall be
        permitted.

6.      Following the filing of the IP Plaintiffs' Revised Third Amended
        Complaint, the briefing schedule for supplemental briefs addressing the
        pending motions to dismiss shall be as follows:

        a.      No later than July 20, 2012, Defendants may file brief addressing
                the IP Plaintiffs' Revised Third Amended Complaint.

---

[2]As such, the Motions to Dismiss directed to the tag-along Defendants were terminated.

5

      b.      No later than August 3, 2012, the IP Plaintiffs may file responses to those briefs.

      c.      No later than August 10, 2012, Defendants may file reply briefs.

(D.E. No. 313).

On July 6, 2012, the IP Plaintiffs filed their revised Third Consolidated Amended Complaint ("TCAC"). (D.E. No. 314). This is now the operative complaint. In the TCAC, the IP Plaintiffs added Danfoss Flensburg as a named Defendant.

Thereafter, the IP Plaintiffs and Defendants filed supplemental briefs regarding the remaining issues raised in the Defendants' Motions to the Dismiss. Another Opinion & Order, issued this date, addresses the remaining challenges contained in those motions.

Rather than file its own Motion to Dismiss, Danfoss Flensburg filed a supplemental brief (D.E. No. 320), asserting a challenge that only applies to it, that was not included in the previously-filed Motions to Dismiss. Thus, the challenge asserted by Danfoss Flensburg was not made in a formal motion.

**ANALYSIS**

Danfoss Flensburg asserts that the claims asserted against it in the TCAC do not relate back to any prior complaints.[3] If the Court agrees, then certain portions of the remaining claims asserted against it would be time-barred.

Rule 15 of the Federal Rules of Civil Procedure governs the relation back of

---

[3]Danfoss Flensburg's opening supplemental brief also asserts that, as of the date it was filed, it had not been properly served with the TCAC. It therefore reserved the right to make challenges later but did not ask the Court for any relief at that time. Its supplemental reply brief does not address service.

amendments.  It provides, in pertinent part, that "[a]n amendment to a pleading relates back to the date of the original pleading" when:

> (C)     the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i)     received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> > (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity.

Fed. R. Civ. P. 15 (c)(1)(C).

For many years, the Sixth Circuit interpreted Rule 15 to preclude relation back when a plaintiff seeks to add, rather than substitute, a new party.  *See In re Kent Holland Die Casting & Plating, Inc*., 928 F.2d 1448, 1449 (6th Cir. 1991); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973); *Freese v. Continental Airlines, Inc*., 412 Fed. App'x 770, 771 (6th Cir. 2011); *Beverly v. Meva Formwork Sys., Inc*., 2012 WL 4009711 (6th Cir. Sept. 12, 2012).

Here, it is undisputed that the IP Plaintiffs' TCAC did not replace or substitute one Danfoss entity for another.  Rather, it added an entirely new Danfoss entity as a defendant and kept all six of the previously-named Danfoss entities as defendants.  Thus, under the Sixth Circuit precedent that had existed for years, there would be no relation back under Rule 15.

But the issue is now complicated by a 2010 Supreme Court decision, *Krupski v. Costa Crociere S.p.A.* 560 U.S. __, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010).

Danfoss Flensburg contends that under Sixth Circuit precedent, an amendment which adds a new party does not relate back to the original complaint for statute of limitation purposes.

It asserts that "[w]hile some commentators have argued that *Krupski* liberalizes the requirements for relation back under Rule 15(c), the Sixth Circuit has made clear that it does not apply to the situation where a plaintiff seeks to add a new party, as is the case here."  (Danfoss Flensburg's Br. at 7).  It contends that, under *Smith*, there is no relation back.  *Smith v. City of Akron*, 2012 WL 1139003 (6th Cir. Apr. 6, 2012).

In *Smith*, however, the Sixth Circuit did not address the situation presented here.  Rather, that case involved the situation where the plaintiff names a "John Doe" defendant but then fails to discover that person's identity and name him within the limitations period.  *Id.* at *2 ("The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe', 'Unknown Defendants' or other missing appellations.").

This Court does not read *Smith* as addressing the precise issue presented here – whether, following *Krupski*, the Sixth Circuit would still preclude relation back when a plaintiff adds a new defendant who is related to an existing defendant.

In response, the IP Plaintiffs assert that *Smith* is not on point.  They also direct the Court to a district court decision within the Sixth Circuit where the district court concluded that other district courts in the Sixth Circuit had read *Krupski* "in an unduly narrow fashion.  Although *Krupski* does not expressly resolve whether Rule 15(c)(1)(C) allows for the addition of new parties, the Court believes that a better reading of that decision views it as abrogating the prior Sixth Circuit rule that categorically barred addition of new parties under Rule 15(c)."  *Erie Indemnity Co. v. Keurig, Inc.*, 2011 WL 2893013 (N.D. Ohio 2011).

Following *Krupski,* the Sixth Circuit has acknowledged that *Krupski* has changed the state of the law as it relates to relation back under Rule 15 – but it has not ruled on the issue of

8

whether *Krupski* abrogated the Sixth Circuit's rule that categorically barred the addition of new

parties under the rule.

First, right around the same time that *Smith* was issued, *Freese* was issued.  *Freese v.*

*Continental Airlines, Inc*., 412 Fed. App'x 770 (6th Cir. Feb. 3, 2011).  In this unpublished

opinion, the Sixth Circuit expressed the view that *Krupski* altered its prior precedent.  In that

case, the plaintiff initially named one corporate defendant, Continental Airlines, Inc.  The

plaintiff later sought to amend in order to add a new defendant, ExpressJet.  The district court

denied the motion to amend as futile, concluding that the statute of limitation had expired and

the amendment did not relate back under Rule 15(c).  On appeal, the Sixth Circuit stated:

> With regard to Freese's motion to name ExpressJet as a new party defendant, the
> district court concluded that her motion did not relate back under Rule 15(c).  In
> support of this conclusion the district court looked to Sixth Circuit precedent, *see*
> *In re Kent Holland Die Casting & Plating*, *Inc.*, 928 F.2d 1448, 1449 (6th Cir.
> 1991), which precludes relation back when the plaintiff seeks to add a new
> defendant.
> . . . .
> At the time of its ruling, the district court correctly applied the law.  Since the
> district court's ruling, in a case factually similar to this matter, the Supreme Court
> addressed relation back under Rule 15(c).  *Krupski v. Costa Corociere S.p.A.*, __
> U.S. __, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010).  Accordingly, we REMAND the
> denial of Freese's motion to amend to the district court for consideration of
> *Krupski*.

*Id.* at 771.

Second, after the parties had filed their supplemental briefs in this case, the Sixth Circuit

issued *Beverly v. Meva Forwork Sys., Inc*., 2012 WL 40009711 (6th Cir. Sept. 12, 2012).  That

case involves the same situation we have here – the plaintiff originally named one corporate

defendant but later sought to add claims against another corporate entity, which was the German

parent company of the originally-named defendant.  The German company argued there was no

relation back because: 1) it lacked actual or constructive knowledge of the suit; and 2) an

amendment adding a defendant does not relate back.  The district court allowed the amendment

but held that the amended complaint did not relate back.

On appeal, the Sixth Circuit affirmed the district's courts ruling because it concluded that

the district court properly concluded that the German company did not have constructive or

actual notice of the suit.  Although it declined to make a ruling, the opinion also contains

language that suggests that, following *Krupski*, the Sixth Circuit no longer categorically bars the

addition of new parties under Rule 15(c) –  at least where the newly-named defendant is related

to the original defendant:

> Because MEVA Germany lacked constructive notice of Beverly's suit, we need
> not examine the line of cases in this circuit that preclude relation back under Rule
> 15(c) where the plaintiff seeks to add an additional defendant.
>
> . . . .
>
> While these cases arguably preclude the relation back in this particular situation,
> they differ from the instant case because the new party in those cases was
> unrelated to the original party.  Here, where lack of notice to MEVA Germany
> provides an easy basis for resolution, we need not explore whether this factual
> difference affects the analysis.  Accordingly, we affirm the judgment of the
> district court.

*Id.* at *4.  *Beverly* suggests that, following *Krupski*, the Sixth Circuit no longer categorically bars

the addition of new parties under Rule 15(c), at least where the newly-named defendant is related

to the original defendant**.**

Accordingly, although a formal motion has not been filed by Defendant Danfoss

Flensburg, and the Sixth Circuit has not ruled on the precise issue before the Court, it suggested

in *Beverly* that there is no longer a categorical bar, at least where the newly-added defendant is related to the original defendant.  The Court shall therefore deny this request without prejudice. Defendant may file a formal motion asserting this same ground if, at a future date, the Sixth Circuit issues a decision indicating otherwise.

### CONCLUSION & ORDER

For the reasons set forth above, Defendant Danfoss Flensburg's request for a ruling that the claims asserted against it in the IP Plaintiff's  Third Consolidated Amended Complaint do not relate back to any prior complaints is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 11, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager