# UNITED STATES DISTRICT COURT
# EASTER DISTRICT OF MICHIGAN

|  |  |
|---|---|
| IN RE: REFRIGERANT COMPRESSORS ANTITRUST LITIGATION | No. 2:09-md-2042 <br><br> MDL. No. 2042 <br><br> Honorable Sean F. Cox |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | |

**ANSWER OF DEFENDANTS APPLIANCES COMPONENTS COMPANIES S.p.A. AND ACC USA, LLC TO DIRECT PURCHASERS' SECOND AMENDED MASTER AMENDED COMPLAINT**

Defendants Appliances Components Companies S.p.A. ("ACC S.p.A.") and ACC USA, LLC ("ACC USA") (collectively, "ACC"), by and through the undersigned counsel, answering the allegations of Direct Purchaser Plaintiffs' ("Plaintiffs'") Second Amended Master Amended Complaint ("SAMAC") for ACC and for no other defendants and denying each and every allegation not specifically admitted herein, states as follows:

1. ACC admits that Plaintiffs purport to bring this case as a class action but denies that a class should be certified and denies any and all remaining allegations of paragraph 1 of the SAMAC.

2. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first two sentences of paragraph 2 and therefore denies them. With respect to the allegations of the third sentence of paragraph 2, ACC admits that compressors are used in some instances for refrigeration purposes or in refrigeration products, including in residential and commercial refrigerators, freezers and water coolers and denies all remaining allegations of that sentence.

3. ACC denies the allegations of paragraph 3 of the SAMAC.

4. ACC lacks knowledge or information sufficient to form a belief about the first three sentences of paragraph 4 and therefore denies them. With respect to the fourth sentence of paragraph 4, ACC admits it received a subpoena from the DOJ but denies for lack of knowledge all remaining allegations of that sentence.

5. Paragraph 5 sets forth legal conclusions to which no response is required. To the extent paragraph 5 contains any factual allegations to which a response is required, ACC denies the allegations.

6. Paragraph 6 sets forth legal conclusions to which no response is required. To the extent a response is required, ACC admits that Plaintiffs purport to bring this action under Section 4 of the Clayton Act but denies that Plaintiffs are entitled to any relief.

7. ACC asserts that the allegations of paragraph 7 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 7 sets forth any factual allegations to which a response is required, ACC denies the allegations.

8. ACC asserts that the allegations of paragraph 8 of the SAMAC set forth legal conclusions to which no response is required. To the extent that further response is required, ACC denies all allegations in paragraph 8.

9. ACC asserts that the allegations of paragraph 9 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 9 sets forth any factual allegations to which a response is required, ACC denies the allegations.

10. ACC asserts that the allegations of paragraph 10 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 10 sets forth any factual allegations to which a response is required, ACC denies the allegations.

11. ACC asserts that the allegations of paragraph 11 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 11 sets forth any factual allegations to which a response is required, ACC denies the allegations.

12. ACC lacks knowledge or information sufficient to form a belief about the truth of the first three sentences of paragraph 12 and therefore denies them. ACC asserts that the fourth sentence of paragraph 12 sets forth conclusions of law to which no response is required. To the extent the fourth sentence of paragraph 12 sets forth any factual allegations to which a response is required, ACC denies the allegations.

13. ACC lacks knowledge or information sufficient to form a belief about the truth of the first three sentences of paragraph 13 and therefore denies them. ACC asserts that the fourth sentence of paragraph 13 sets forth conclusions of law to which no response is required. To the extent the fourth sentence of paragraph 13 sets forth any factual allegations to which a response is required, ACC denies the allegations.

14. ACC lacks knowledge or information sufficient to form a belief about the truth of the first three sentences of paragraph 14 and therefore denies them. ACC asserts that the fourth sentence of paragraph 14 sets forth conclusions of law to which no response is required. To the extent the fourth sentence of paragraph 14 sets forth any factual allegations to which a response is required, ACC denies the allegations.

15. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 and therefore denies them.

16. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16 and therefore denies them.

17. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17 and therefore denies them.

18. ACC admits that Plaintiffs collectively refer to Tecumseh Compressors and Tecumseh Brasil as "Tecumseh."

19. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 and therefore denies them.

20. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 and therefore denies them.

21. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 and therefore denies them.

22. ACC admits that Plaintiffs refer to Whirlpool Corporation, Whirlpool S.A., Embraco, and Embraco N.A. collectively as "Whirlpool."

23. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 and therefore denies them.

24. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24 and therefore denies them.

25. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 and therefore denies them.

26. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 and therefore denies them.

27. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 and therefore denies them.

28. ACC admits that Plaintiffs collectively refer to Danfoss A/S, Danfoss Inc., DST, DTC, and DCC as "Danfoss."

29. ACC admits the allegations of the first three sentences of paragraph 29 of the SAMAC. With respect to the allegations of the fourth sentence of paragraph 29, ACC admits only that ACC USA sold compressors in the United States until 2006 and denies the remaining allegations of that sentence.

30. ACC admits the allegations of the first two sentences of paragraph 30 of the SAMAC. With respect to the allegations of the third sentence of paragraph 30, ACC admits only that ACC USA sold compressors in the United States until 2006 and denies the remaining

allegations of that sentence. ACC asserts that the fourth sentence of paragraph 30 sets forth conclusions of law to which no response is required. To the extent that the fourth sentence of paragraph 30 sets forth any allegations to which a response is required, ACC denies the allegations.

31. ACC Admits that Plaintiffs collectively refer to ACC S.p.A. and ACC USA as "ACC".

32. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32 and therefore denies them.

33. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 and therefore denies them.

34. ACC admits that Plaintiffs collectively refer to Panasonic Corporation and Panasonic NA as "Panasonic."

35. ACC asserts that the allegations of paragraph 35 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 35 sets forth any factual allegations to which a response is required, ACC denies all allegations.

36. ACC asserts that the allegations of paragraph 36 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 36 sets forth any factual allegations to which a response is required, ACC denies all allegations.

37. ACC asserts that the allegations of paragraph 37 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 37 sets forth any factual allegations to which a response is required, ACC denies all allegations.

38. With respect to the allegations of paragraph 38, ACC admits that some defendants manufacture compressors and that ACC USA sold compressors in the United States until 2006.

ACC further admits that ACC S.p.A. sells compressors in other countries. ACC further admits that some other defendants manufacture compressors and sell those compressors in the United States and in other countries. ACC denies all remaining allegations of paragraph 38 of the SAMAC.

39. With regard to the allegations of paragraph 39, ACC admits only that ACC USA sold compressors in the United States until 2006. ACC denies the remaining allegations paragraph 39 as to ACC S.p.A. and ACC USA. To the extent paragraph 39 includes allegations about other defendants, ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

40. ACC asserts that the allegations of paragraph 40 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 40 sets forth any factual allegations to which a response is required, ACC denies all allegations.

41. ACC asserts that the allegations of paragraph 41 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 41 sets forth any factual allegations to which a response is required, ACC denies all allegations.

42. ACC asserts that the allegations of paragraph 42 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 42 sets forth any factual allegations to which a response is required, ACC denies all allegations.

43. ACC admits Plaintiffs purport to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(A) and 23(b)(3) but denies that Plaintiffs have adequately defined a class and further denies that any class should be certified.

44. ACC asserts that the allegations of paragraph 44 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 44 sets forth any factual allegations to which a response is required, ACC denies all allegations.

45. ACC asserts that the allegations of paragraph 45 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 45 sets forth any factual allegations to which a response is required, ACC denies all allegations.

46. ACC asserts that the allegations of paragraph 46 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 46 sets forth any factual allegations to which a response is required, ACC denies all allegations.

47. ACC asserts that the allegations of paragraph 47 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 47 sets forth any factual allegations to which a response is required, ACC denies all allegations.

48. ACC asserts that the allegations of paragraph 48 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 48 sets forth any factual allegations to which a response is required, ACC denies all allegations.

49. ACC asserts that the allegations of paragraph 49 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 49 sets forth any factual allegations to which a response is required, ACC denies all allegations.

50. ACC asserts that the allegations of paragraph 50 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 50 sets forth any factual allegations to which a response is required, ACC denies all allegations.

51.	ACC asserts that the allegations of paragraph 51 of the SAMAC set forth legal conclusions to which no response is required.  To the extent that paragraph 51 sets forth any factual allegations to which a response is required, ACC denies all allegations.

52.	ACC asserts that the allegations of paragraph 52 of the SAMAC set forth legal conclusions to which no response is required.  To the extent that paragraph 52 sets forth any factual allegations to which a response is required, ACC denies all allegations.

53.	ACC asserts that the allegations of paragraph 53 of the SAMAC set forth legal conclusions to which no response is required.  To the extent that paragraph 53 sets forth any factual allegations to which a response is required, ACC denies all allegations.

54.	ACC admits the allegations of paragraph 54 of the SAMAC.

55.	ACC admits that fractional compressors may be used in condensing units and for refrigeration purposes, but avers that such compressors may have other uses and that other compressors may also be used for refrigeration purposes.

56.	ACC asserts that the allegations of paragraph 56 of the SAMAC set forth legal conclusions to which no response is required.  To the extent that paragraph 56 sets forth any factual allegations to which a response is required, ACC denies all allegations.

57.	ACC asserts that the allegations of paragraph 57 of the SAMAC set forth legal conclusions to which no response is required.  To the extent that paragraph 57 sets forth any factual allegations to which a response is required, ACC denies all allegations.

58.	ACC denies the allegations of paragraph 58 of the SAMAC.

59.	ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 59 and therefore denies them.

60. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 60 and therefore denies them.

61. ACC admits that Valter Teranzano had pricing responsibility for compressors sold by ACC S.p.A. only but lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 61 and therefore denies the same.

62. ACC admits that it increased the price of its Compressors on or around June 2004 but denies all remaining allegations of paragraph 62 of the SAMAC.

63. To the extent that paragraph 63 sets forth any factual allegations about ACC, ACC denies those allegations. To the extent that paragraph 63 sets forth any factual allegations concerning persons or entities other than ACC, ACC is without knowledge or information sufficient to form a belief about the truth of such allegations and therefore denies the same.

64. To the extent that paragraph 64 sets forth any factual allegations about ACC, ACC admits that Valter Teranzano travelled to the IKK trade fair on or around October 13-15, 2004, but denies the remaining allegations of the paragraph. To the extent that paragraph 64 sets forth any factual allegations concerning persons or entities other than ACC, ACC is without knowledge or information sufficient to form a belief about the truth of such allegations and therefore denies the same.

65. To the extent that paragraph 65 sets forth any factual allegations about ACC, ACC denies those allegations. To the extent that paragraph 65 sets forth any factual allegations concerning persons or entities other than ACC, ACC is without knowledge or information sufficient to form a belief about the truth of such allegations and therefore denies the same.

66. To the extent that paragraph 66 sets forth any factual allegations about ACC, ACC denies those allegations. To the extent that paragraph 66 sets forth any factual allegations

concerning persons or entities other than ACC, ACC is without knowledge or information sufficient to form a belief about the truth of such allegations and therefore denies the same.

67. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 67 of the SAMAC and therefore denies the same.

68. ACC admits that Derrio Tures attended a meeting in Frankfurt Germany in September 2005 but denies all remaining allegations in paragraph 68 of the SAMAC.

69. ACC lacks knowledge or information sufficient to form a belief about the truth of the first sentence of paragraph 69 and therefore denies the same. ACC admits that ACC representatives attended trade association meetings such as the IKK Trade Fair during October 18-20, 2006 in Nuremberg, Germany but denies all remaining allegations of the second sentence of paragraph 69 of the SAMAC.

70. To the extent that paragraph 70 sets forth any factual allegations about ACC, ACC denies those allegations. To the extent that paragraph 70 sets forth any factual allegations concerning persons or entities other than ACC, ACC is without knowledge or information sufficient to form a belief about the truth of such allegations and therefore denies the same

71. ACC asserts that the allegations of paragraph 71 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 71 sets forth any factual allegations to which a response is required, ACC denies all allegations.

72. ACC asserts that the allegations of paragraph 72 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 72 sets forth any factual allegations to which a response is required, ACC denies all allegations.

73. ACC asserts that the allegations of paragraph 73 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 73 sets forth any

factual allegations concerning persons or entities other than ACC, ACC is without knowledge or information sufficient to form a belief about the truth of such allegations and therefore denies the same.

74. ACC asserts that the allegations of paragraph 74 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 74 sets forth any factual allegations to which a response is required, ACC denies all allegations.

75. ACC asserts that the allegations of paragraph 75 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 75 sets forth any factual allegations to which a response is required, ACC denies all allegations.

76. ACC denies the allegations of paragraph 76 of the SAMAC.

77. ACC denies the allegations of paragraph 77 of the SAMAC.

78. ACC denies the allegations of paragraph 78 of the SAMAC.

79. ACC admits the allegations of paragraph 79 of the SAMAC.

80. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 80 of the SAMAC and therefore denies the same.

81. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 81 of the SAMAC and therefore denies the same.

82. ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 82 of the SAMAC and therefore denies the same.

83. In response to the allegations of paragraph 83, ACC admits only that Panasonic Corporation entered a plea of guilty to a criminal information brought by the United States alleging an antitrust violation. ACC lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations of paragraph 83 of the SAMAC and therefore denies the same.

84.     In response to the allegations of paragraph 84, ACC admits only that Embraco N.A. entered a plea of guilty to a criminal information brought by the United States alleging an antitrust violation.  ACC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 84 of the SAMAC and therefore denies the same.

85.     In response to the allegations of paragraph 85, ACC admits that authorities in the United States and European Union conducted an investigation in allegations of anticompetitive conduct involving compressors but denies all remaining allegations of that paragraph.

86.     ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 86 of the SAMAC and therefore denies the same.

87.     ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 87 of the SAMAC and therefore denies the same.

88.     ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 88 of the SAMAC and therefore denies the same.

89.     ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 89 of the SAMAC and therefore denies the same.

90.     ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 90 of the SAMAC and therefore denies the same.

91.     ACC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 91 of the SAMAC and therefore denies the same.

92.     ACC asserts that the allegations of paragraph 92 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 92 sets forth any factual allegations to which a response is required, ACC denies all allegations.

93.     ACC asserts that the allegations of paragraph 93 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 93 sets forth any factual allegations to which a response is required, ACC denies all allegations.

94.     ACC asserts that the allegations of paragraph 94 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 94 sets forth any factual allegations to which a response is required, ACC denies all allegations.

95.     ACC asserts that the allegations of paragraph 95 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 95 sets forth any factual allegations to which a response is required, ACC denies all allegations.

96.     ACC asserts that the allegations of paragraph 96 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 96 sets forth any factual allegations to which a response is required, ACC denies all allegations.

97.     ACC asserts that the allegations of paragraph 97 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 97 sets forth any factual allegations to which a response is required, ACC denies all allegations.

98.     ACC asserts that the allegations of paragraph 98 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 98 sets forth any factual allegations to which a response is required, ACC denies all allegations.

99. ACC asserts that the allegations of paragraph 99 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 99 sets forth any factual allegations to which a response is required, ACC denies all allegations.

100. ACC asserts that paragraph 100 of the SAMAC states legal conclusions to which no response is required. To the extent that paragraph 100 sets forth any factual allegations concerning ACC, ACC denies all allegations.

101. ACC asserts that the allegations of paragraph 101 of the SAMAC set forth legal conclusions to which no response is required. To the extent that paragraph 101 sets forth any factual allegations to which a response is required, ACC denies all allegations.

## PRAYER FOR RELIEF

To the extent a response is required to Plaintiffs' Prayer for Relief, ACC denies that Plaintiffs are entitled to the relief they seek.

## AFFIRMATIVE DEFENSES

Without assuming any burden of persuasion or presentation or production of evidence that it would not otherwise bear, ACC asserts the following affirmative defenses:

## FIRST DEFENSE

### (Failure to Allege a Certifiable Class)

Plaintiffs have failed to allege a certifiable Plaintiff Class and/or Defendant Class.

## SECOND DEFENSE

### (No Injury)

Plaintiffs' claims are barred because Plaintiffs have not suffered any injury as a result of any conduct of defendant ACC.

## THIRD DEFENSE

## (Lack of Cognizable Antitrust Injury)

Plaintiffs' claims are barred because Plaintiffs have not suffered a cognizable antitrust injury flowing from any allegedly anticompetitive conduct of defendant ACC.

## FOURTH DEFENSE

## (Lack of Proximate Cause)

Plaintiffs' claims are barred in whole or in part because their injury, if any, was not actually or proximately caused by ACC.

## FIFTH DEFENSE

## (Claims Inconsistent with Applicable Law)

Plaintiffs' claims are barred to the extent that they are inconsistent with applicable law or regulations.

## SIXTH DEFENSE

## (Speculative Damages)

Plaintiffs' claim for damages is barred because the alleged damages are speculative.

## SEVENTH DEFENSE

## (Antitrust Standing)

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack antitrust standing.

## EIGHTH DEFENSE

## (Reservation of Rights)

ACC reserves the right to assert and rely upon other defenses that become available or appear during the course of this action.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations of Plaintiffs' SAMAC and denying that Plaintiffs are entitled to any relief whatsoever, ACC respectfully requests that the Court (i) dismiss all claims with prejudice in the SAMAC as to ACC, (ii) award to ACC costs and reasonable attorneys' fees, with interest, associated with the defense of this action, and (iii) grant ACC such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:  June 24, 2013

By:      *s/ William L. Monts III*

    Dennis M. Barnes
    Barris, Sott, Denn & Driker, PLLC
    211 W. Fort Street
    15th Floor
    Detroit, Michigan  48226
    Telephone:  (313) 965-9725
    Facsimile:  (313) 983-3333
    E-Mail:  DBarnes@bsdd.com

    William L. Monts III (admitted pro hac vice)
    Corey W. Roush (admitted pro hac vice)
    Benjamin F. Holt (admitted pro hac vice)
    HOGAN LOVELLS US LLP
    555 Thirteenth Street, N.W.
    Washington, D.C.  20004-1109
    Telephone:  (202) 637-5600
    Facsimile:  (202) 637-5910
    E-Mail:  william.monts@hoganlovells.com
           corey.roush@hoganlovells.com
           benjamin.holt@hoganlovells.com

    *Attorneys for Defendants*
    *Appliances Components Companies S.p.A and ACC USA, LLC*