UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors
Antitrust Litigation

Case No. 2:09-md-02042

Honorable Sean F. Cox
United States District Court

_____/

### OPINION & ORDER DENYING
### INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ENTRY OF FINAL
### JUDGMENTS AND CERTIFICATION OF CLAIMS FOR INTERLOCUTORY APPEAL
### (DOCKET ENTRY NO. 358)

This Multi District Litigation matter involves putative class action claims asserted against multiple corporate Defendants by: 1) Direct Purchaser ("DP") Plaintiffs (who assert federal antitrust claims); and 2) Indirect Purchaser ("IP") Plaintiffs (who assert state-law antitrust, consumer protection act, and unjust enrichment claims). The claims are all based upon the same alleged antitrust conspiracy. This matter is currently before the Court on the IP Plaintiffs' "Motion For (1) Entry Of Final Judgments Under Rule 54(b) As To Certain Indirect Purchaser Plaintiffs And (2) Certification Of Certain Claims For Interlocutory Appeal Under 28 U.S.C. § 1291(b)" (Docket Entry No. 358). The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, the Court shall DENY the motion.

1

**BACKGROUND**

Beginning in February 2009, the DP Plaintiffs and IP Plaintiffs filed complaints in various jurisdictions asserting claims against Defendants.  The DP Plaintiffs asserted federal antitrust claims, while the IP Plaintiffs asserted state-law antitrust, consumer protection act, and unjust enrichment claims.  The claims are all based upon the same alleged antitrust conspiracy. These various actions were consolidated for pretrial proceedings in this Court by the United States Judicial Panel on Multi District Litigation.

On May 26, 2010, the Court issued Case Management Order No. 1 (the "CMO") –  which was *proposed by and agreed to by the parties*.  (Docket Entry No. 152).  Among other things, the CMO provides that the DP and IP Plaintiffs would separately file Master Amended Complaints including each Defendant no later than June 30, 2012.  (*Id.* at 8).  It also provides that Defendants may thereafter file motions to dismiss the master amended complaints.  (*Id*. at 9-10).

**Status Of The DP Plaintiffs' Case**

Following the CMO, the DP Plaintiffs filed a Master Amended Complaint on June 30, 2010.  Defendants then filed motions seeking to dismiss the claims asserted by the DP Plaintiffs. After extensive briefing by the parties and oral argument, this Court issued an Opinion & Order on June 13, 2011, ruling upon the challenges to the DP Plaintiffs' claims.  Following this Court's rulings, the DP Plaintiffs ultimately filed a Second Amended Master Amended Complaint on June 20, 2012.  Thus, as of June 20, 2012, this Court had resolved all motions seeking to dismiss the claims asserted by the DP Plaintiffs.  The DP Plaintiffs' case is ready to proceed to discovery.

Several, but not all, Defendants have reached a settlement with the DP Plaintiffs and have a motion pending before the Court seeking preliminary approval of the settlement.

2

**Status Of The IP Plaintiffs' Case**

Following the CMO, the IP Plaintiffs filed several master amended complaints.  The IP

Plaintiffs filed their original Consolidated Amended Complaint on June 30, 2010.  (Docket Entry

No. 154).

On September 21, 2010, the IP Plaintiffs filed their Second Consolidated Amended

Complaint ("SCAC").  (Docket Entry No. 174).  There were seventeen named IP Plaintiffs in the

SCAC (*see* SCAC at ¶¶ 20-36), which consist of four corporate entities and thirteen individuals

who reside in various states.  In the SCAC, the IP Plaintiffs seek certification of a nationwide

class, and assert state-law antitrust claims, consumer protection / unfair competition claims, and

unjust enrichment claims against Defendants.  The SCAC describes the nature of the case as

follows.  This case arises from "a long-running, world-wide conspiracy" among Defendants "to

fix, raise, maintain, and/or stabilize the prices of, and to allocate customers and markets for,

Hermetic Compressors," thus artificially raising the prices for Hermetic Compressors and

products containing Hermetic Compressors."  (SCAC at ¶ 1).

Thereafter, pursuant to the CMO, Defendants filed several motions seeking to dismiss the

IP Plaintiffs' claims.  Those motions raised multiple grounds for relief.

On June 7, 2009, this Court heard oral argument on the "*Twombly* challenge" set forth in

Defendants' Joint "Motion to Dismiss the Indirect Purchaser Plaintiffs' Consolidated Amended

Complaint" (Docket Entry No. 162).  After that hearing, the Court ruled that "the Indirect

Purchaser Plaintiffs' current operative complaint, the 'Second Consolidated Amended

Complaint', fails to state a claim under *Twombly*, except as to the claims asserted against

Defendants Panasonic Corporation and Embraco North America, Inc., for the approximately

3

three-year period set forth in the respective plea agreements." (Docket Entry No. 294).  On June 11, 2012, this Court also issued a Memorandum Opinion, setting forth the basis for that ruling. (Docket Entry No. 300).

Pursuant to the parties' agreement (*see* Docket Entry No. 313), on July 6, 2012, the IP Plaintiffs filed a revised Third Consolidated Amended Complaint.  (Docket Entry No. 314).

After extensive briefing by the parties, the Court issued Opinions & Order ruling on other issues raised in Defendant's pending motions to dismiss.

On July 10, 2012, this Court ruled that based upon the allegations in the IP Plaintiffs' Third Consolidated Amended Complaint:  1) there is at least one named IP Plaintiff with constitutional standing to assert claims under the laws of the following states/territories: Arizona; California; District of Columbia; Kansas; New Hampshire; New Mexico; New York; North Carolina; Michigan; West Virginia; Wisconsin; Rhode Island; Maine; Nebraska; Minnesota; Florida; Tennessee; and Massachusetts; and 2) the named IP Plaintiffs lack constitutional standing to bring claims under the laws of states/territories where no named IP Plaintiff claims to reside or have been injured.  The Court therefore dismissed the IP Plaintiffs' claims asserted under the laws of the following states/territories: Arkansas; Hawaii; Iowa; Louisiana; Mississippi; Nevada; North Dakota; Puerto Rico; South Dakota; Utah; and Vermont. (*See* Docket Entry Nos. 318 & 319).

On April 9, 2013, this Court issued an Opinion & Order on the remaining challenges in the motions seeking to dismiss the IP Plaintiffs' claims.  (Docket Entry No. 343).  This Court dismissed the IP Plaintiffs': 1) claims under the antitrust statutes of twelve states, for lack of antitrust standing; 2) the antitrust claims under Tennessee's antitrust statute for failure to allege a

4

substantial effect on intrastate commerce; 3) consumer protection act claims under the laws of five states; and 4) unspecified unjust enrichment claims.   Those rulings left claims under four consumer protections acts (California, Massachusetts, New Mexico, and Rhode Island), and claims under two antitrust statutes (North Carolina and Minnesota), still pending in this action.

Because this Court's opinions and orders ruling on the motions to dismiss did not resolve all claims asserted in the IP Plaintiffs' Third Consolidated Amended Complaint, this Court has not yet issued a judgment.

Nevertheless, on May 8, 2013, Counsel for the IP Plaintiffs filed a Notice of Appeal, indicating that seven of the named plaintiff's in the IP Plaintiffs' Third Consolidated Amended Complaint "individually and on behalf of all other similarly situated, hereby appeal to the United States Court of Appeals for the Sixth Circuit from the final order, entered in this action on April 9, 2013 [DE #343]." (Docket Entry No. 354).

On May 9, 2013, the IP Plaintiffs filed the pending "Motion For (1) Entry Of Final Judgments Under Rule 54(b) As To Certain Indirect Purchaser Plaintiffs And (2) Certification Of Certain Claims For Interlocutory Appeal Under 28 U.S.C. § 1291(b)." (Docket Entry No. 358). Defendants filed a joint brief in opposition to the motion. (Docket Entry No. 364).

## ANALYSIS

I.    **This Court Shall Deny The IP Plaintiffs' Request For Entry Of Final Judgment Under Fed. R. Civ. P. 54(b).**

The pending motion asserts that on April 9, 2013, this Court "dismissed all of the remaining claims asserted by fourteen IP Plaintiffs (the "Dismissed Plaintiffs"). Because six of the Dismissed Plaintiffs had individual complaints on file, it appears that the Court's April 9,

2013 order is final as to them" and therefore they may appeal as of right.  (IP Pls.' Br. at 1,

motion at ¶ 3).  It further states that the "other eight of the Dismissed Plaintiffs were named on

complaints with IP Plaintiffs that have surviving claims, and they therefore seek entry of a final

judgment pursuant to Rule 54(b)."  (IP Pls.' Br. at 1).  Nevertheless, the motion states that out of

"an abundance of caution," those named IP Plaintiffs who believe they may appeal as of right

also ask the Court to enter judgments on their behalf.

### A.    This Court Concludes That No IP Plaintiffs May Appeal This Court's April 9, 2013 Opinion & Order As Of Right.

As a preliminary matter, this Court concludes that none of the named IP Plaintiffs in the

Third Consolidated Amended Complaint may appeal, as of right, any of this Court's rulings on

the motions to dismiss.  Counsel for the IP Plaintiffs appear to be under mistaken belief that the

various complaints that were originally filed in other jurisdictions are still operative.  They are

not.

Cases that are consolidated for trial or pretrial purposes do not lose their separate identity

by virtue of the act of consolidation alone.  *Klyce v. Ramirez*, 1988 WL 74155 (6th Cir. 1988);

*Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1933) (consolidation alone "does not merge the

suits into a single cause"); *Beil v. Lakewood Eng. & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994).

Here, however, the actions were not merely consolidated.  Notably, after the actions were

consolidated, the IP Plaintiffs elected to file *master amended complaints* that superceded their

previously-filed complaints.

It is well-established that "[u]nder the Federal Rules, an amended complaint supercedes

the original complaint."  *Klyce, supra*, at *3 (quoting *Fritz v. Standard Sec. Life Ins. Co.*, 676

F.2d 1356, 1358 (11th Cir. 1982) and citing numerous other decisions).

In proposing and agreeing to the CMO in this MDL action, the IP Plaintiffs chose to abandon their previously filed complaints in order to file a single, "master" amended complaint. Accordingly, when the IP Plaintiffs filed a single master amended complaint (and other subsequent master amended complaints), which incorporated the claims of the IP Plaintiffs who had filed complaints in various jurisdictions, that pleading "entirely superceded" the original separate complaints, ultimately leaving one Third Consolidated Amended Complaint with multiple named IP Plaintiffs. *Klyce, supra.* This Court's April 9, 2013 Opinion Order, which did not dismiss all claims asserted in the Third Consolidated Amended Complaint, "was not, therefore, a final appealable order, that would invoke the jurisdiction" of the appellate court. *Id.*

### B.      This Court Concludes That This Is Not The "Infrequent Harsh Case" In Which 54(b) Certification Is Warranted.

Having concluded that no IP Plaintiffs may currently appeal as of right, this Court shall consider the IP Plaintiffs' request that this Court issue final judgments, under Fed. R. Civ. P. 54(b), as to fourteen named IP Plaintiffs.

Rule 54(b) of the Federal Rules of Civil Procedure governs the issuance of judgment on multiple claims or involving multiple parties and provides, in pertinent part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

7

"Rule 54(b) should not be used routinely," but rather "should be reserved for the 'infrequent harsh case,' where certification serves the interest of justice and judicial administration." *Knafel v. Pepsi Cola Bottlers of Akron, Inc*., 850 F.2d 1155, 1159 (6th Cir. 1988). The determination of whether to allow an interlocutory appeal pursuant to Fed. R. Civ. P. 54(b) is a matter left to the sound discretion of the district court. *Akers v. Alvey*, 338 F.3d 491, 496 (6th Cir. 2003).

In making a Rule 54(b) certification decision, a district court "must determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable.*" Gencorp, Inc. v. Olin Corp*., 390 F.3d 433, 442 (6th Cir. 2004). The Sixth Circuit has set forth a non-exhaustive list of factors that a district court may consider, including: 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might be mooted by future developments in the district court; 3) the possibility that the reviewing court might be obligated to consider the same issue a second time; and 4) miscellaneous factors such as delay, economic and solvency considerations, and the like. *Akers*, 338 F.3d at 495.

This Court concludes that consideration of the above factors weighs against granting the relief requested. The interests of judicial economy and the need to avoid "piecemeal litigation" militate against a final judgment certification at this stage of the litigation. This Court concludes that judicial economy will best be served by delaying appeal until all the issues can be confronted by the appellate court in a unified package. This is especially so here, where the adjudicated and pending claims are closely related and stem from the same factual allegations. *Solomon v. Aetna*

8

*Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986).  Indeed, both the IP Plaintiffs' claims and the DP Plaintiffs' claims stem from the very same alleged conspiracy, over the same time period, among the same Defendants.

This Court has ruled upon all motions seeking to dismiss the DP Plaintiffs' claims and the IP Plaintiffs' claims and the matter can now proceed to discovery.  Given that both the IP Plaintiffs' claims and the DP Plaintiffs' claims stem from the very same alleged conspiracy, there will be  substantial overlap in the discovery sought by the parties.  Granting the relief requested by the IP Plaintiffs' motion will result in either: 1) this Court staying all discovery in this matter – which would unnecessarily delay the resolution of the DP Plaintiffs' claims, and delay the resolution of those IP Plaintiffs who still have claims pending; or 2) placing the IP and DP Plaintiff cases on different discovery tracks – which would eliminate the efficiency advantages of this matter proceeding as an MDL.

Accordingly, this Court concludes that this is not the "infrequent harsh case" in which 54(b) certification should be granted.

## II.     This Court Shall Deny The IP Plaintiffs' Request For Certification Of Interlocutory Appeal Pursuant To 28 U.S.C. § 1292(b) For Similar Reasons.

Given the above ruling by this Court, the IP Plaintiffs' motion asks this Court to certify all of the following issues for interlocutory appeal under 28 U.S.C. § 1292(b):

1) "whether the IP Plaintiffs in California and New Mexico lack antitrust standing under the laws of their respective states;"

2) "whether the dismissed plaintiffs lack antitrust standing under the laws of their respective states;"

3) "whether IP Plaintiffs have Article III standing to assert claims, as representative plaintiffs, on behalf of a class of individuals that includes residents

9

in another state;"

4) "whether Fed. R. Civ. P. 9(b) applies to non-fraud antitrust claims under Florida's Deceptive and Unfair Trade Practices Act;" and

5) "whether substantial effects on the price of an article widely distributed in interstate commerce and in the state of Tennessee satisfies the requirement of a 'substantial effect' on Tennessee commerce required for application of Tennessee's antitrust law."

(Docket Entry No. 358 at 1-2).

The statute that governs interlocutory decisions, 28 U.S.C. § 1292(b), provides, in

pertinent part, that:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to do it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).  Thus, this Court has the discretion to certify an order

for interlocutory appeal if: 1) the order involves a controlling question of law; 2) a substantial

ground for difference of opinion exists regarding the correctness of the decision; *and* 3) an

immediate appeal may materially advance the ultimate termination of the litigation.  *Id.; In re*

*City of Memphis v. City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (emphasis added); *see*

*also In re Baker & Getty Fin. Svs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 (6th

Cir. 1992).

10

The Sixth Circuit has stated that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 350. The determination of whether to allow for an interlocutory appeal pursuant to Fed. R. Civ. P. 54(b) is a matter left to the sound discretion of the district court. *Akers v. Alvey*, 338 F.3d 491, 496 (6th Cir. 2003); *see also Wolvin Underwriters, Inc. v. Great Southwest Fire Ins. Co.*, 1987 WL 38786 (6th Cir. 1987) ("A district court's order refusing to certify an interlocutory appeal under 28 U.S.C. § 1292(b) is not appealable."); *Calvert v. Xerox Corp.*, 1995 WL 109000 (6th Cir. 1995) (same).

The Court concludes that this is not the exceptional case where review under § 1292(b) is appropriate.

Assuming *arguendo* that the first two requirements could be met here, § 1292(b) also requires that the district court be of the opinion that an immediate appeal may materially advance the ultimate termination of the litigation. This third requirement is fatal to the IP Plaintiffs' motion for the same reasons why this Court is denying 54(b) certification.

This is a complex multidistrict litigation action that has already been pending for several years. The interests of judicial economy and the need to avoid piecemeal litigation weigh against an interlocutory appeal. This Court concludes that judicial economy is best served by delaying appeal until all the issues can be confronted by the appellate court in a unified package.

This Court has ruled upon all motions seeking to dismiss the DP Plaintiffs' claims and the IP Plaintiffs' claims. Both the IP Plaintiffs' case and the DP Plaintiffs' case are ready to proceed to discovery. Given that both the IP Plaintiffs' claims and the DP Plaintiffs' claims stem from the very same alleged conspiracy, there will be  substantial overlap in the discovery sought by the parties. Granting the relief requested by the IP Plaintiffs' motion would result in either: 1)

11

this Court staying all discovery in this matter – which would unnecessarily delay the resolution of

the DP Plaintiffs' claims, and also delay resolution of those IP Plaintiffs who still have claims

pending; or 2) placing the IP and DP Plaintiff cases on different discovery tracks – which would

eliminate the efficiency advantages that an MDL provides.

Accordingly, the Court shall deny the IP Plaintiffs' request for certification of an

interlocutory appeal under § 1292(b).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the IP Plaintiffs' "Motion For (1)

Entry Of Final Judgments Under Rule 54(b) As To Certain Indirect Purchaser Plaintiffs And (2)

Certification Of Certain Claims For Interlocutory Appeal Under 28 U.S.C. § 1291(b)" (Docket

Entry No. 358) is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  August 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on
August 5, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy_____
Case Manager