UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors                 Case No. 2:09-md-02042
Antitrust Litigation
                                               Honorable Sean F. Cox
                                               United States District Court

_____/

## ORDER REGARDING STATUS CONFERENCE

Currently pending before this Court is "Direct Purchaser Class Plaintiffs' Motion for

Preliminary Approval Of Proposed Class Action Settlements Between Direct Purchaser Class

Plaintiffs And The Tecumseh Defendants, Embraco Defendants And Danfoss Defendants."

(Docket Entry No. 356).  Having reviewed that motion, and its attachments, the Court concludes

that a Status Conference to discuss the pending motion is warranted.

Notably, under the proposed sequence of events, the Direct Purchaser Plaintiffs' Counsel

would request attorney fees and expenses at some unspecified "later date."  (*See* Docket Entry

No. 356 at 18 n.9).  That is, they are not currently disclosing the amount of fees and expenses

that they will be requesting, but rather, appear to want to seek an award sometime *after* the final

approval hearing.

No party has raised this issue to date.  Because the proposed settlement is a class-action

settlement, however, which affects the interests of unnamed class members who are not present,

this Court must carefully scrutinize it.  *See, e.g. In re Dry Max Pampers Litig.*, __ F.3d __, 2013

WL 3957060 (6th Cir. Aug. 5, 2013).

"Rule 23(h)(1) calls for the court to fix a time for submission of motions for attorney fees

in class actions."  MANUAL FOR COMPLEX LITIGATION (4th ed.) at 421.  "In general, parties

should be prepared to submit such motions as soon as possible after announcing a settlement so

that the required Rule 23(h)(1) *notice of the fee request can be combined with the required Rule 23(e) notice of settlement and sent to the class at the same time." Id.* (emphasis added).  This is because "Rule 23(h)(1) requires that notice of the fee requests be 'directed to class members in a reasonable manner.'  The rule contemplates that, in cases involving settlement review under Rule 23(e), 'notice of class counsel's fees motion should be combined with notice of the proposed settlement' and afforded the same notice as Rule 23(e) requires."  *Id*. (citing Fed. R. Civ. P. 23(h)committee notes).  The Committee Notes to Fed. R. Civ. P. 23(h) state, in pertinent part, as follows:

> Subdivision (h) applies to "an action certified as a class action."  This includes cases in which there is a simultaneous proposal for class certification and settlement even though technically the class may not be certified unless the court approves the settlement pursuant to review under Rule 23(e).  When a settlement is proposed for Rule 23(e) approval, either after certification or with a request for certification, *notice to class members about class counsel's fee motion would ordinarily accompany the notice to the class about the settlement proposal itself.*  . . . .

> The court should direct when the fee motion must be filed.  For motions by class counsel in cases subject to court review of a proposed settlement under Rule 23(e), *it would be important to require the filing of at least the initial motion in time for inclusion of information about the motion in the notice to the class about the proposed settlement* that is required by Rule 23(e).

> . . .

> Besides service of the motion on all parties, notice of class counsel's motion for attorney fees must be "directed to the class in a reasonable manner."  Because members of the class have an interest in the arrangements for payment of class counsel whether that payment comes from the class fund or is made directly by another party, notice is required in all instances**.**  *In cases in which settlement approval is contemplated under Rule 23(e), notice of class counsel's fee motion should be combined with notice of the proposed settlement*, and the provision regarding notice to the class is parallel to the requirements for notice under Rule 23(e).

Committee Notes to Fed. R. Civ. P. 23(h) (emphasis added)

Accordingly, **IT IS ORDERED that on August 29, 2013, at 10:00 a.m.**, the Court shall hold a **Status Conference for the limited purpose of discussing the pending "Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval Of Proposed Class Action Settlements Between Direct Purchaser Class Plaintiffs And The Tecumseh Defendants, Embraco Defendants And Danfoss Defendants." (Docket Entry No. 356).** Counsel for the Direct Purchaser Plaintiffs, and the proposed Settling Defendants, should be prepared to discuss the above issue at that time. Those same parties should also be prepared to discuss how they propose adding Danfoss Flensburg GmbH as a Defendant in the Direct Purchaser case. (*See* Docket Entry No. 356 at 20, stating "the Danfoss Settlement Agreement provides that Danfoss Flensburg GmbH shall be added as a party defendant.").

**IT IS SO ORDERED**.

S/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated: August 7, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy_____
Case Manager