# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: REFRIGERANT COMPRESSORS ANTITRUST LITIGATION | MDL Docket No. 2:09-MD-2042<br><br>Hon. Sean F. Cox |
| THIS DOCUMENT RELATES TO:<br><br>*General Electric Company v. Whirlpool Corporation, et al.* | Civil Action No. 2:13-cv-12638 |

**RESPONSE TO MEMORANDUM BY DANFOSS DEFENDANTS IN SUPPORT OF MOTION BY EMBRACO NORTH AMERICA, INC., WHIRLPOOL S.A., AND WHIRLPOOL CORPORATION TO STAY PROCEEDINGS BY GENERAL ELECTRIC COMPANY AGAINST HOUSEHOLD COMPRESSORS HOLDING SPA AND ACC USA, LLC AND BRIEF IN SUPPORT THEREOF**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................ iii

STATEMENT OF ISSUE PRESENTED ............................................................. iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................... v

PLAINTIFF GENERAL ELECTRIC COMPANY'S RESPONSE TO THE MEMORANDUM OF THE DANFOSS DEFENDANTS IN SUPPORT OF THE MOTION BY THE EMBRACO DEFENDANTS TO STAY DEFAULT JUDGMENT PROCEEDINGS ............................................................................ 1

# INDEX OF AUTHORITIES

*Shanghai Automation Instrument Co., Ltd. v. Kuei*,
　　194 F. Supp. 2d 995 (N.D. Cal. 2001)................................................................2

## STATEMENT OF ISSUE PRESENTED

Should the Court stay GE's motion for default judgment against Household Compressors Holding SpA and ACC USA, LLC?

**GE answers no.**

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Shanghai Automation Instrument Co., Ltd. v. Kuei*,
   194 F. Supp. 2d 995 (N.D. Cal. 2001)

**PLAINTIFF GENERAL ELECTRIC COMPANY'S RESPONSE TO THE MEMORANDUM OF THE DANFOSS DEFENDANTS IN SUPPORT OF THE MOTION BY THE EMBRACO DEFENDANTS TO STAY DEFAULT JUDGMENT PROCEEDINGS**

On November 12, 2013, Danfoss filed a belated "memorandum"[1] in support of the earlier motion[2] filed by the Embraco defendants[3] that seeks to stay proceedings by GE against the ACC defendants.[4] Danfoss's memorandum offers no new arguments in support of Embraco's motion, merely parroting and incorporating the arguments made by Embraco. Accordingly, the arguments offered by the Danfoss defendants fail for the reasons articulated in GE's opposition to Embraco's motion,[5] which is incorporated herein in its entirety.

Although Danfoss did not offer any additional arguments in its brief, it obliquely suggests in a footnote that it is positioned differently from the other defendants in this action because of "the product distinction and the limited time

---

[1] No. 2:09-md-02042, ECF No. 442; No. 2:13-cv-12638, ECF No. 52 (Danfoss Mem.).

[2] No. 2:09-md-02042, ECF No. 439; No. 2:13-cv-12638, ECF No. 49.

[3] The term "Embraco" is used herein to refer to defendants Whirlpool Corp., Whirlpool S.A., and Embraco North America, Inc.

[4] The term "ACC" is used herein to refer to defendants ACC USA, LLC and Household Compressors Holding SpA.

[5] No. 2:09-md-02042, ECF No. 444; No. 2:13-cv-12638, ECF No. 53 (GE Opp'n).

1

period involved in its plea agreement."[6] Danfoss seems to suggest that a jury may not conclude that Danfoss participated in the compressors cartel. Besides being an extremely dubious proposition, this is not the type of "logical inconsistency" that favors delaying entry of a default judgment. It is always possible in a Sherman Act case that a particular defendant may persuade a jury that it was not a participant in the cartel. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) (discussing the caselaw on inconsistent judgments and observing that "there are situations . . . where it [i]s theoretically proper to hold some defendants liable, e.g. for conspiracy to commit anti-trust violations, but other defendants innocent"). Indeed, if ACC had chosen to answer the Complaint and contest GE's claims, there would have been nothing "inconsistent" about a jury ultimately finding that ACC had participated in the household compressor conspiracy, but deciding that Danfoss had not.

Like Embraco, Danfoss offers no reason for the Court to delay entry of a default judgment as to liability against the ACC defendants. When compared with the obvious potential prejudice to GE,[7] Danfoss's speculation regarding a theoretical "inconsistency" in judgments should be given little, if any, weight.

---

[6] Danfoss Mem. at 4 n.2.

[7] GE Opp'n at 8-9.

GE thus respectfully asks the Court to deny Danfoss's request to stay GE's proceedings against ACC.

Respectfully submitted,

 /s/ Kimberly L. Scott

| | |
|---|---|
| Carl H. von Ende, Bar No. P21867 | David M. Schnorrenberg |
| Kimberly L. Scott, Bar No. P69706 | dschnorrenberg@crowell.com |
| Miller Canfield P.L.C. | Crowell & Moring LLP |
| 101 North Main Street, 7th Floor | 1001 Pennsylvania Avenue, N.W. |
| Ann Arbor, Michigan 48104 | Washington, D.C. 20004 |
| 734-668-7696 | 202-624-2500 |

*Counsel for Plaintiff*

Date: November 26, 2013

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record registered to receive electronic service.

        /s/ Kimberly L. Scott
Kimberly L. Scott, Bar. No. P69706
scott@millercanfield.com
Miller Canfield P.L.C.
101 North Main Street, 7th Floor
Ann Arbor, Michigan 48014
734-668-7696