**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: REFRIGERANT COMPRESSORS ANTITRUST LITIGATION** | **MDL No. 2:09-md-02042** |
| **This Document Relates to ALL DIRECT PURCHASER ACTIONS** | **HONORABLE SEAN F. COX UNITED STATES DISTRICT JUDGE** |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
SETTLEMENT BETWEEN DIRECT PURCHASER CLASS PLAINTIFFS AND THE
TECUMSEH, EMBRACO, DANFOSS AND PANASONIC DEFENDANTS,
AUTHORIZING THE DISSEMINATION OF NOTICE AND CLAIM FORM AND
SCHEDULING A FINAL APPROVAL HEARING**

Direct Purchaser Plaintiffs having filed and served a Motion for Preliminary Approval of

Proposed Class Action Settlements Between Direct Purchaser Class Plaintiffs and Tecumseh

Products Company, Tecumseh Compressor Company, Tecumseh do Brasil, Ltda. and their

subsidiaries and affiliates (collectively, "Tecumseh Defendants"), Embraco North America Inc.

and Whirlpool S.A and their subsidiaries and affiliates (collectively, "Embraco Defendants"),

Danfoss Flensburg GmbH, formerly Danfoss Compressors GmbH ("Danfoss Flensburg") and

Panasonic Corporation, Panasonic Corporation of North America and their subsidiaries and

affiliates (collectively, "Panasonic Defendants"), those Defendants concurring in the relief

sought therein, and the Court being otherwise fully advised in the premises, it is hereby

**ORDERED**:

　　1.　　The Motion is **GRANTED**.

　　2.　　The Court finds that the proposed settlements with the Tecumseh Defendants, as

set forth in the Tecumseh Settlement Agreement, Exhibit A to the Declaration of David H. Fink

sworn to December 26, 2013 (Fink Decl.), with the Embraco Defendants as set forth in the

Embraco Settlement Agreement, Exhibit B to the Fink Decl., with Danfoss Flensburg, as set forth in the Danfoss Settlement Agreement, Exhibit C to the Fink Decl., and with the Panasonic Defendants, as set forth in the Panasonic Settlement Agreement, Exhibit D to the Fink Decl., subject to final determination following a hearing after notice to the Settlement Class (defined in Paragraph 4 below), are sufficiently fair, reasonable, and adequate to authorize dissemination of notice and a claim form to the Settlement Class as defined in paragraph 4 below.

3.      For purpose of the settlements: the Settlement Class satisfies the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure with respect to numerosity, common questions, typicality, adequacy and predominance.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Settlement Class is defined as:

> All persons or entities (but excluding government entities and Defendants, their officers, directors and employees, as well as Defendants' parents, predecessors, successors, subsidiaries, or affiliates) who purchased Compressors in the United States, its territories and possessions, directly from any Defendant including Settling Defendants, or from any of their parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period from and including February 25, 2005 up to and including December 31, 2008. Compressors include compressors of less than one horsepower, excluding compressors used in air conditioners.

5.      The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of: (i) the rights of any non-settling Defendant to contest certification of any class proposed in these consolidated actions; or (ii) the rights or arguments asserted by any Defendant in defending against these claims. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or with respect to any defense asserted by any Defendant.

2

6.      David H. Fink, Fink + Associates Law and The Miller Law Firm, P.C. are adequate and are appointed as Class Counsel for the Settlement Class.

7.      The Court approves the form and contents of: (a) Notice of Proposed Settlement of Class Action with the Settling Defendants and Hearing on Settlement Approval ("Notice"), attached as Exhibit 3 to Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlements between Direct Purchaser Class Plaintiffs and the Tecumseh Defendants, Embraco Defendants, Danfoss Flensburg and Panasonic Defendants ("Motion for Preliminary Approval"); (b) the claim form attached as Exhibit 4 to the Motion for Preliminary Approval; and (c) Summary Notice of Proposed Settlement of Class Action with the Settling Defendants and Hearing on Settlement Approval ("Summary Notice"), attached as Exhibit 5 to the Motion for Preliminary Approval.

8.      The Court finds that the mailing and publication of the notices in the manner set forth herein constitute the best notice practicable under the circumstances, is due and sufficient notice to all persons entitled thereto, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

9.      The Notice in substantially the form attached as Exhibit 3 to the Motion for Preliminary Approval and the claim form attached hereto as Exhibit 4 to the Motion for Preliminary Approval shall be mailed by first class mail, postage prepaid, on or before February 7, 2014, to all persons identified on Defendants' customer lists as having purchased Compressors from Defendants in the United States during the Settlement Class Period ("Notice Date").  The Notice and claim form shall further be provided to all persons who request them in response to the published Summary Notice provided for in Paragraph 10 herein.

10.     Class Counsel are hereby directed to cause a Summary Notice, in substantially the form attached hereto as Exhibit 5 to the Motion for Preliminary Approval, to be published, on or before February 17, 2014, on one occasion in the national edition of the *Wall Street Journal.* Class Counsel shall also cause such a Summary Notice to be published on one occasion in advertisements in the Air Conditioning, Heating and Refrigeration News and on ApplianceMagazine.com.

11.     On or before January 20, 2014, all Non-Settling Defendants shall provide to Class Counsel, in an electronic format, and if not reasonably available in electronic format then in hard copy format, the names and addresses of their customers who directly purchased Compressors from the Defendants during the Settlement Class Period.  If the Non-Settling Defendants do not produce their customer lists to Class Counsel on or before January 20, 2014, Class Counsel will not be required to mail notices to the customers of Non-Settling Defendants, but all remaining notice requirements in this Order will remain in effect.

12.     On or before March 24, 2014, putative settlement class members shall serve any requests for exclusion from one or more of the settlements as set forth in the Notice.

13.     The Court will hold a hearing (the "Final Approval Hearing" or "Hearing") on **June 12, 2014 at 2:00 p.m.**, at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 257, Detroit, MI 48226, to determine the fairness, reasonableness, and adequacy of the proposed settlement and whether the settlement should be approved by the Court and a final judgment entered thereon. Any member of the Settlement Class who follows the procedure set forth in the notices may appear and be heard at the Hearing.  The Hearing may be continued without further notice.

14.     Class Counsel shall file with the Court and serve on the parties their motion for final approval and other supporting papers on or before May 13. 2014.

15.     Any member of the Class who objects to the settlement with the Settling Defendants must do so in writing.  The objection must include the caption of this case, be signed and **received** by the Court and Class Counsel on or before May 23, 2014, and shall otherwise comply with the requirements set forth in the notices.

16.     Settlement Class members who wish to participate in one or more of the settlements shall submit claim forms as set forth in the Notice on or before June 9, 2014.

17.     Class Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for the Settling Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of Summary Notice were made, showing that mailing and publication were made in accordance with this Order ten (10) days prior to the Final Approval Hearing.

18.     The Court approves the escrow accounts, as set forth in the Settlement Agreements, as "Qualified Settlement Funds" pursuant to Treas. Reg. §1.468B-1.  The Court retains continuing jurisdiction over any issues regarding the administration of the escrow accounts.  Class Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses and notice costs, as set forth in the Settlement Agreements.

19.     The Garden City Group, Inc. is approved to serve as Claims Administrator.

20.     All proceedings against the Settling Defendants, and their corporate parents, subsidiaries and affiliates, in these Actions are stayed until the Court renders a final decision regarding the approval of the Settlement Agreements and, if it approves the Settlement Agreements, enters a final judgment.

21.     Terms used in this Order that are defined in the various Settlement Agreements are, unless otherwise defined herein, to be interpreted as to each separate Settling Defendant as defined in each Settling Defendant's respective Settlement Agreement.

IT IS SO ORDERED.

Dated:  January 9, 2014                    s/ Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Judge


I hereby certify that the above document was served on counsel and/or the parties of record by electronic means.

Dated:  January 9, 2014                    s/ Jennifer McCoy
                                           Case Manager

6