UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: REFRIGERANT COMPRESSORS ANTITRUST LITIGATION | MDL No. 2:09-md-02042 |
| This Document Relates to ALL DIRECT PURCHASER ACTIONS | HONORABLE SEAN F. COX UNITED STATES DISTRICT JUDGE |

**ORDER GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER CLASS PLAINTIFFS AND THE TECUMSEH, EMBRACO, AND PANASONIC DEFENDANTS, AND DANFOSS FLENSBURG GmbH.**

Direct Purchaser Class Plaintiffs having filed and served a Motion for Final Approval of Proposed Class Action Settlements Between Direct Purchaser Class Plaintiffs and Tecumseh Products Company, Tecumseh Compressor Company, Tecumseh do Brasil, Ltda. and their subsidiaries and affiliates (collectively, "Tecumseh Defendants"), Embraco North America Inc. and Whirlpool S.A. and their predecessors, successors, subsidiaries and affiliates (collectively, "Embraco Defendants"), Danfoss Flensburg GmbH, formerly Danfoss Compressors GmbH ("Danfoss Flensburg"), and Panasonic Corporation, Panasonic Corporation of North American (collectively, "Panasonic Defendants"), those Defendants concurring in the relief sought herein, and

The Court having entered its Order dated January 9, 2014 granting preliminary approval of the proposed settlements ("Preliminary Approval Order"), certifying a Settlement Class, and authorizing Direct Purchaser Class Plaintiffs to disseminate notice of the settlements, the fairness hearing, and related matters to the Settlement Class, and

Notice having been provided to the Settlement Class pursuant to the Preliminary Approval Order, and

No objections having been filed, and

The Court having held a fairness hearing on June 12, 2014, and

Having considered Plaintiffs' Motion For Final Approval of Proposed Settlements, the absence of any objections filed of record, oral argument presented at the fairness hearing, and the complete record in this matter,

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Action (and all actions and proceedings consolidated in this Action).

2. Terms capitalized in this Order have the same meanings as those used in the Settlement Agreements.

3. The Preliminary Approval Order outlined the form and manner by which the Direct Purchaser Plaintiffs would provide the Settlement Class with notice of the settlement, the fairness hearing, and related matters.  The notice program included individual notice to members of the Settlement Class who could be identified through reasonable effort, as well as publication of a summary notice.  Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court.  The Class Notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and fairness hearing and constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.

4. The settlements were attained following an extensive investigation of the facts.  They resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. Final approval of each of the Settlement Agreements with the Tecumseh Defendants, the Embraco Defendants, Danfoss Flensburg, and the Panasonic Defendants is granted  pursuant to

Fed. R. Civ. P. 23(e), because each of the Settlement Agreements is fair, reasonable and adequate to the Settlement Class.

6.      The Action is dismissed, with prejudice and in its entirety, on the merits, and except as provided for in the Settlement Agreements, without costs, as to the Tecumseh Defendants, the Embraco Defendants, Danfoss Flensburg, Danfoss A/S, Danfoss, Inc., Danfoss Commercial Compressors, Ltd., Danfoss Scroll Technologies, LLC and Danfoss Turbocor Compressors, Inc. and the Panasonic Defendants.

7.      Without affecting the finality of this Order, the Court retains exclusive jurisdiction over the Action and the Settlement Agreements, including the administration, interpretation, consummation, and enforcement of the Settlement Agreements.

9.      Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of Final Judgments of dismissal forthwith as to the Released Parties as defined in the Settlement Agreements.

**IT IS SO ORDERED.**

Dated: June 16, 2014

s/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on June 16, 2014, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/ Jennifer McCoy
Case Manager