UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors　　　　　　Master Docket No. 09-MD-2042
Antitrust Litigation

　　　　　　　　　　　　　　　　　　　　　Individual Case No. 13-12638

　　　　　　　　　　　　　　　　　　　　　Honorable Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　United States District Court

_____/

**ORDER
GRANTING REQUESTS FOR JURISDICTIONAL DISCOVERY AND
DENYING DEFENDANT DANFOSS A/S'S MOTION TO DISMISS
WITHOUT PREJUDICE**

　　Plaintiff General Electric Company ("GE") filed its Complaint on February 15, 2013, in the United States District Court for the Western District of Kentucky, Louisville Division. The action was later transferred to this Court by an Order of the United States Judicial Panel on Multidistrict Litigation, which transferred the action to this Court for inclusion in the coordinated or consolidated pretrial proceedings in this MDL proceeding.

　　GE's Complaint includes claims asserted against the "Danfoss Defendants," which are Danfoss A/S, Danfoss Flensburg GMBH, and Danfoss, LLC. GE's Complaint asserts three causes of action: 1) "Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1," its First Cause of Action; 2) "Fraud," its Second Cause of Action; and 3) "Conspiracy," its Third Cause of Action.

　　Currently pending before the Court is a "Motion By Defendant Danfoss A/S To Dismiss The Complaint" (Docket Entry No. 469 in 09-2042 / Docket Entry No. 63 in 13-12638) that challenges this Court's exercise of personal jurisdiction over Danfoss A/S. The parties have

1

fully briefed this motion and the Court finds that oral argument would not aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon the briefs.

"The plaintiff bears the burden of establishing that [personal] jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991).

Courts have three procedural alternatives when faced with a motion to dismiss based on personal jurisdiction, brought pursuant to Fed. R. Civ. P. 12(b)(2):  1) determine the motion based on the affidavits alone; 2) permit discovery, which would aid in resolution of the motion; or 3) conduct an evidentiary hearing on the merits of the motion.  *Theunissen,* 935 F.2d. at 1458*; Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (2005) (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).  The district court "has discretion to select which method it will follow, and will only be reversed for abuse of that discretion." *Theunissen*, 935 F.2d at 1458.

In its motion, Danfoss A/S asks the Court to rule in its favor based upon the affidavits alone or, alternatively, order jurisdictional discovery.

Likewise, in opposing the motion GE asks the Court to rule, based on the affidavits alone, that it has made out a prima facie showing of personal jurisdiction over Danfoss A/S or, alternatively, allow it to conduct "jurisdictional discovery regarding Danfoss A/S's contacts with the United States (including its sales to the United States during the relevant period) and its control over Danfoss US and Danfoss Flensburg."  (Docket Entry No. 475 at 25).

"To comply with due process, a court's exercise of its power over [a foreign] defendant must not offend traditional notions of fair play and substantial justice." *Indah v. U.S. Sec. &*

2

*Exchange Comm'n*, 661 F.3d 914, 920 (6th Cir. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)) (internal quotation marks omitted).  The Sixth Circuit has explained that:

> [f]or Sherman Act claims, 15 U.S.C. § 22 authorizes service of process over an antitrust defendant "wherever it may be found." When Congress has enacted such nationwide service of process statutes, personal jurisdiction exists whenever the defendant has "sufficient minimum contacts with the United States " to satisfy the due process requirements under the Fifth Amendment. *Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 566–67 (6th Cir.2001) (emphasis added); *cf. Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1237–39 (6th Cir.1981) (indicating without expressly deciding that 15 U.S.C. § 22 permits nationwide process). This inquiry parallels the more traditional personal-jurisdiction analysis under which a defendant must have " 'minimum contacts' " with the forum state pursuant to the state's long-arm statute. *See Med. Mut. of Ohio*, 245 F.3d at 566–67.

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449-50 (6th Cir. 2012).

In opposing Defendant Danfoss A/S's motion, GE asserts that both general jurisdiction and specific jurisdiction exist over Danfoss A/S based upon the alter-ego theory of personal jurisdiction.

The Sixth "Circuit has adopted the alter-ego theory of personal jurisdiction, which 'provides that a non-resident parent corporation is amenable to suit in the forum state if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d at 450-51 (quoting *Estate of Thompson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008)).  The case law reflects that this is a fact-intensive inquiry.  The Sixth Circuit has considered the following relevant factors to determine whether the alter ego theory of personal jurisdiction applies:

> (1) sharing the same employees and corporate officers; (2) engaging in the same business enterprise; (3) having the same address and phone lines; (4) using the same assets; (5) completing the same jobs; (6) not maintaining separate books, tax

returns and financial statements; and (7) exerting control over the daily affairs of another corporation.

*Estate of Thompson*, 545 F.3d at 362-63; *see also In re Automotive Parts Antitrust Litig.*, 2013 WL 2456610 (E.D. Mich. 2013).

Having reviewed the parties' briefs, GE's Complaint, and the affidavits/declarations submitted, the Court concludes that the best course of action is for the parties to engage in limited discovery on the issue of whether this Court has personal jurisdiction over Danfoss A/S. Upon completion of that limited discovery, Danfoss A/S may renew its Motion to Dismiss if it chooses to do so.

Accordingly, the Court hereby **ORDERS** that the parties' requests for limited personal jurisdiction discovery are **GRANTED.** Counsel for the parties are to meet, in person, to confer as to the discovery necessary and to submit a joint proposed scheduling order to the Court no later than **October 17, 2014**, as to the scope and timing of agreed upon jurisdictional discovery. The Court shall hold a Status Conference with the parties on **October 27, 2014., at 3:00 p.m.**

**IT IS FURTHER ORDERED** that Defendant Danfoss A/S's Motion to Dismiss is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: September 18, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on

September 18, 2014, by electronic and/or ordinary mail.

                                                S/Jennifer McCoy
                                                Case Manager